234

## JAMES et al. v. STRICKLAND et ux.
### No. 9975.

Court of Civil Appeals of Texas. Austin.
June 13, 1951.

Rehearing Denied July 11, 1951.

Scarborough, Yates, Scarborough & Black, by Larry Scarborough, Abilene, for appellants.

E. B. Underwood and Paul Petty, both of Ballinger, for appellees.

ARCHER, Chief Justice.

This suit was filed in the District Court of Runnels County, Texas by J. C. Strickland et ux, complaining of the defendants, Robert Ray James and the Drilling and Exploration Company, Inc. This appellant, Robert Ray James, one of the defendants, timely filed his statutory plea of privilege to be sued in Taylor County, which the appellant alleged as the county of his residence. The Drilling and Exploration Company also filed a plea of privilege.

The appellee J. C. Strickland alleged in his original petition that Robert Ray James was an employee of the Drilling and Exploration Company. Later, however, the appellee J. C. Strickland dismissed his suit against the Drilling and Exploration Company, and the only question before this court is the appeal of Robert Ray James from the interlocutory order of the trial court in overruling his plea of privilege.

This is a suit involving an automobile collision between the appellee Mrs. J. C. Strickland and the appellant Robert Ray James. The appellee alleged in her original petition that appellant was guilty of various acts of negligence, which brought about this collision. The appellant timely filed his statutory plea of privilege and the appellee filed a controverting plea. The controverting plea of appellee alleged that the appellant Robert Ray James committed a trespass within the meaning of Article 1995, Sec. 9, Vernon's Rev. Civ. Statutes of Texas. The controverting plea alleged that the appellant (1) failed to stop at a stop sign, (2) failed to keep a proper lookout, and (3) drove his car at a high and dangerous rate of speed.

The appeal is based on two assignments of error:

"Point One. Error of the trial court in overruling appellant's plea of privilege where the evidence wholly failed to show that Robert Ray James committed a crime or trespass in Runnels County, Texas.

"Point Two. Error of the trial court in overruling appellant's plea of privilege where the evidence was insufficient to show that Robert Ray James committed a crime or trespass in Runnels County, Texas."

James was a resident of Taylor County, Texas, and, in the absence of a proven exception to the venue statute, is given the right to be sued in the county of his residence.

■ The plaintiff has the burden of both pleading and proving the facts relied upon to bring the case within one of the exceptions to the venue statute. Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91.

The plaintiff in the controverting plea alleged: "Defendant failed to stop at a stop sign erected at the entrance to said highway, said failure being in violation of law, which is negligence per se."

■ By this pleading the appellees charged appellant with a crime under Sub. 9 of Article 1995, V.A.C.S. Failure to stop at a stop sign is a crime provided as such by the Uniform Traffic Code, Article 6701d, Subs. 73 (a, b) and 143 (a, b), V.A.C.S. Cumba v. Union Bus Lines, Inc., Tex. Civ. App., 229 S.W. 2d 176.

The testimony of Sheriff Atkins was:

"Q. There was a stop sign at the intersection to the paved highway? A. Yes, sir, that's correct.

"Q. In order to get on the paved highway where the collision occurred Mr. James' car had to pass by that stop sign, is that correct? A. That's correct.

"Q. Did James tell you he did not stop at the stop sign? A. He did."

Mrs. Strickland testified that she was involved in the accident in question. That the collision took place in Runnels County about nine miles west of Ballinger. That another car came in to the highway from a dirt road and did not stop at the stop sign.

■ The appellant did not testify concerning the facts in the case, and his silence is a circumstance against him, and has probative force. Lindsey v. State, Tex. Civ. App., 194 S.W. 2d 413.

The Sheriff testified that he filed a complaint against appellant; that he talked to him, and that James told the Sheriff that he did not stop at the stop sign.

On cross examination the Sheriff testified:

"Q. Didn't James point out to you that there was weeds growing all around that stop sign at the time? A. No, he did not.

"Q. Where was his car? A. Well, I think he moved his car off the pavement."

The Justice of the Peace testified that a charge was filed December 11, 1950, against Robert Ray James for failure to stop at a stop sign, and that a plea of guilty was made and a fine of $25 paid; that to the best of his memory the defendant appeared in person and pleaded guilty.

236

Mrs. Strickland testified as to injuries, etc., and as to the damage to her car. Mr. Strickland testified as to the damages to the car and that the cost of repair was about $350, and the difference in value of the car before and after the wreck was at least $500.

 We overrule the first point, as we believe the plaintiff discharged the burden in making out a prima facie case that the defendant failed to stop at the stop sign on the occasion, and that such failure was the proximate cause of the collision and the resulting damages, and that venue was fixed in the District Court of Runnels County, Texas. Gaford v. Arnold, Tex. Civ. App., 238 S.W. 2d 225.

█ The appellant raises the issue that the evidence does not show that the appellant is the same person as the Robert Ray James mentioned in the testimony of the Sheriff or the Justice of the Peace. We believe the evidence is sufficient to show that the appellant Robert Ray James is one and the same person with whom the Sheriff talked, and against whom the complaint was filed; and that the stop sign mentioned by the witnesses is the particular one near which the collision occurred and the one set out in the complaint.

█ We believe that the evidence was sufficient to show that Robert Ray James committed a crime or trespass in Runnels County, and overrule the second assignment.

Appellee alleged in the amended controverting plea: "Defendant was driving his car at a high and dangerous rate of speed at the time and place and under the circumstances surrounding said collision."

We believe that the evidence is sufficient to show that appellant was driving his car at a high and dangerous rate of speed under the circumstances.

The evidence was that the appellant failed to stop at the stop sign immediately before the collision, but kept his car in motion. The evidence was also that plaintiff's car was knocked for a distance of 150 feet, and this would be a circumstance to show that appellant was driving at a dangerous rate of speed. Then, the day was clear and the highway was straight and there was no occasion for the appellant to fail to see appellee's car. The appellee was badly injured, according to her testimony, and the car was considerably damaged. Tex. Jur., Ten-Year Supplement, Title Automobiles, Vol. 2, p. 153, Sec. 167; Stamper v. Scholtz, Tex. Civ. App., 29 S.W. 2d 883.

The judgment of the court is affirmed.