## WALDEN et al. v. SANGER et al.
### No. 10058.

Court of Civil Appeals of Texas. Austin.
June 18, 1952.

Rehearing Denied July 9, 1952.

Houston McMurry, Henrietta, Richard Dresser, Abilene, for appellants.

W. G. Bedford, Winters, E. B. Underwood, Paul Petty, Ballinger, for appellees.

ARCHER, Chief Justice.

This appeal is before this Court on one controlling question involving the propriety of the trial court in overruling appellants' Motion for a New Trial.

A suit was instituted by appellees Joseph Sanger et al., in trespass to try title to

297¼ acres of land in Runnels County, Texas in the Northeast part of the T. J. Hardeman Survey No. 267 against R. Q. Adams and his unknown heirs, Lucy Adams, a widow, of Hughson, California, Wylie Walden, whose address was unknown, and the unknown heirs at Wylie Walden, deceased, and all persons claiming any title under R. Q. Adams and Wylie Walden under any deed or deeds.

Affidavit for citation by publication was made and citation by publication was had, and returns made thereon.

Lucy Adams was served in person in the State of California. An attorney was appointed to represent the defendants cited by publication, and an answer was filed.

Trial was had, evidence heard and statement of facts made and filed, and on December 27, 1948, judgment was entered by the court in favor of the plaintiffs.

On October 25, 1950, Lucy Adams, a widow, joined by three daughters, Lindsay Pratt Walden and a number of others named, who are alleged to be the children, widow and grandchildren of Wylie Walden, brought a suit against Joseph Sanger and H. K. Dunn in trespass to try title in and to ⅓₂nd interest in all of the oil, gas and other minerals in 640 acres out of the T. J. Hardeman Survey in Runnels County, Texas, and known as Block One (1) to Sixty-eight (68) except Block 24, according to a subdivision of 800 acres in said survey, and as a motion for new trial filed within two years after the judgment was entered, and to set such judgment aside, said petition being sworn to by Richard Dresser.

Joseph Sanger and others named filed an answer on the 17th of November, 1950, pleading misjoinder of parties, motion to dismiss, special exceptions directed at certain named parts of the pleading, a general denial, and the judgment sought to be set aside was a legal and proper one.

Another answer was filed setting up the statute of limitation for three, five, ten and twenty-five years, and by cross action sought recovery of the title and possession of the land and premises.

On June 16, 1951, the plaintiffs filed their First Amended Original Petition for Review of Judgment, or Motion to set aside the judgment entered in the original suit on December 27, 1948, and made additional and new parties defendants and sought to set the judgment aside alleging several grounds and that plaintiffs had a good and meritorious defense, and prayed for judgment for the title and possession of all the oil, gas and other minerals, etc., and in reply to cross action by defendants, filed a plea of not guilty.

The defendants filed an answer in cross action for the title to the property, misjoinder of parties and for a dismissal of the cause, and directed a number of special exceptions to the pleadings, a general denial, not guilty, pleas of limitation for three, five, ten and twenty-five years.

On the 11th of September, 1951, the attorneys of record for the respective parties, plaintiffs and defendants, entered into the following agreement, which was approved by the court:

"Agreement to Compromise

"Amos Walden et al.   In the District

                    Court

VS        No. 5581     of

Joseph Sanger et al.   Runnels County,

                  Texas

"To Said Honorable Court:

"All of the parties to the above styled and numbered cause, acting herein by and through their respective attorneys of record, show the court that they have agreed to compromise and settle all matters in controversy in said cause on the following terms and provisions, to-wit:

"(1) The plaintiffs (in the aggregate) who are named as plaintiffs in the Plaintiffs' First Amended Original Petition filed herein on the 16th day of June, 1951, represented herein by their attorneys Richard Dresser and E. C. Grindstaff, shall be adjudged to have title to an undivided Eighty (80) mineral acres out of the following described lands, to-wit:

"Being 650 acres of land in Runnels County, Texas, out of that certain 800

acres of land in Northeast corner of the T. J. Hardeman Survey No. 267, Abstract No. 234, which said 800 acres of land is described in a deed from J. G. Towns to Lee Seals, dated May 5th, 1917, and recorded in Vol. 98, Page 300 of the Deed Records of Runnels County, Texas, and which said 650 acres of land comprises all of said 800 acres except a strip of 150 acres described in a royalty deed from Lee Seals to D. M. Hillyard and C. Kornegay, dated January 27, 1919 and recorded in Vol. 105, Page 595 of the Deed Records of Runnels County, Texas;

"(2) That title to all of the remainder of said 650 acre tract of land, and all of the remainder of the oil, gas and other minerals in and under said 650 acre tract of land, shall be divested out of said plaintiffs and be vested in Joseph Sanger, H. K. Dunn, Laura Pearl Wright, and their assigns.

"(3) That both of the following described purported royalty deeds shall be cancelled and held for naught, to-wit:

"(a) From Lee Seals to R. Q. Adams, dated February 14th, 1922, and recorded in Volume 116, page 382, of the Deed Records of Runnels County, Texas; and (b) from Lee Seals to Wylie Walden, dated May 8th, 1922, and recorded in Volume 117, page 195 of the Deed Records of Runnels County, Texas.

"(4) That of said 650 acre tract of land Joseph Sanger and H. K. Dunn and their assigns are the owners of the surface and a portion of the minerals in 267¼ acres, being all of the land owned by them in said 800 acre tract outside of said 150 acre strip described above; and Laura Pearl Wright and husband, D. B. Wright, and their assigns are the owners of the surface and a portion of the minerals in 382¾ acres, said 382¾ acres being all of the land owned by them outside of said 150 acre strip described above.

"(5) That as to said 267¼ acre tract said Joseph Sanger and H. K. Dunn and their assigns have and shall have the sole and exclusive right to make and enter into all oil, gas and mineral leases, and plaintiffs shall never have any right to join the making and entering into such leases, but plaintiffs shall receive from any such leases the bonus, delay rentals and royalties due on an undivided 32.80 mineral acres out of said 267¼ acre tract, which shall be paid to plaintiffs direct by the Lessee or to plaintiffs' credit in a designated depository bank.

"(6) That as to said 382¾ acre tract, Laura Pearl Wright and husband, D. B. Wright, and their assigns, shall have the exclusive right to make and enter into all oil, gas and mineral leases and plaintiffs shall never have any right to join in the making and entering into such leases, but plaintiffs shall receive from any such leases the bonus, delay rentals and royalties due on an undivided 47.20 mineral acres out of said 382¾ acre tract, which shall be paid to plaintiffs direct by the Lessee or shall be deposited in a designated depository bank.

"(7) Plaintiffs shall not have any right, title and interest in and to said 150 acre strip of land described in paragraph (1) hereof, but so far as plaintiffs are concerned title thereto shall be vested in said Sanger and Dunn and their assigns and in said Laura Pearl Wright and D. B. Wright and their assigns, according to their respective present ownerships as evidenced by deeds of record in Runnels County, Texas.

"(8) Plaintiffs shall furnish proofs of heirship and other competent evidence that they are the sole owners of the estates of Wylie Walden, deceased, and R. Q. Adams, deceased, and they record such proof of heirship in the Deed Records of Runnels County, Texas.

"(9) Costs shall be adjudged against Joseph Sanger and H. K. Dunn, and

Laura Pearl Wright and D. B. Wright in an amount not to exceed $95.00.

"The Court shall render judgment on or before September 28, 1951, on this agreement.

"Witness our hands this 11th day of September, 1951.

/s/ Richard Dresser

"Richard Dresser

/s/ E. C. Grindstaff

"E. C. Grindstaff

Attorneys for all Plaintiffs

/s/ Paul Petty

"Paul Petty

/s/ E. B. Underwood

"E. B. Underwood, for Bedford & Underwood Individually and as attorneys for defendants named herein.

"The foregoing agreement is approved in open court on this the 12th day of September, 1951.

/s/ O. L. Parish

"Judge Presiding

"Recorded in Vol. 14, Page 233, Minutes District Court of Runnels County, Texas."

On September 27, 1951, judgment was entered, based in part on the written agreement to compromise insofar as the named plaintiffs were interested, and in part as between the defendants.

In the judgment the plaintiffs were awarded in the aggregate 32.8 mineral acre interest in a tract of 267¼ acres, more or less, in Runnels County, Texas, in the T. H. Hardeman Survey No. 267, Abstract 234, and described by metes and bounds; and there was awarded the plaintiffs in the aggregate 47.2 mineral acre interest in and to 382¾ acres of land out of the Hardeman Survey and described by metes and bounds.

On September 28, 1951, plaintiffs filed their motion for new trial, and on October 18, 1951, filed an amended motion, alleging error by the court in rendering the judgment on the agreement because such agreement was between attorneys, and that plaintiffs' attorneys did not have the con-

sent of the plaintiffs and plaintiffs were not present in court, and that the power of attorney was not filed. No other reason was presented and no evidence was offered in support of the motion.

On October 18, 1951, the trial court overruled the motion, and from the order overruling the motion this appeal is taken.

At the request of attorneys for plaintiffs the court filed findings of fact and conclusions of law, and are to the effect that the same attorneys who signed the pleadings, signed the agreement and all in the instant proceedings; that a bona fide controversy was presented by the pleadings, set out the agreement to compromise which was approved in open court that judgment was entered, that the plaintiffs did not offer any evidence in support of the motion for new trial, and concluded that the agreement was valid and binding, and the judgment was a proper one.

Request was made and additional findings of facts and conclusions of law were made and filed by the court, and were that none of the parties were personally present, that the attorneys were; that the agreement to compromise was signed by the attorneys for plaintiffs and defendants, and requested the court to approve such agreement; that attorney for plaintiffs objected to the judgment, but did not state any grounds in support of his objection; that both attorney Paul Petty and attorney Grindstaff represented to the court that all parties to the agreement had consented to it and were satisfied with it in open court; that the judgment was entered and concluded that the agreement was a binding one; that all matters sufficient to support the judgment were proved in open court, and that the judgment was the proper one to be entered.

The bills of exceptions filed by plaintiffs are not approved by the court or the attorneys for defendants, nor is the purported statement of facts signed or approved by the trial court or the attorneys for defendants.

The appeal bond is signed by Amos Walden only, as one of the plaintiffs, as principal.

**■** Appellees have filed in this court a motion to strike appellants' bills of exceptions because they are not signed or approved by the trial court or approved by the appellees or their attorneys, and it appearing from the examination of the records that purported bills are not approved by the trial judge or any of the appellees or their attorneys and therefore present nothing for review.

The bills of exceptions as presented are ordered stricken.

Rule 372(f), T.R.C.P.

Sisk v. Randon, 123 Tex. 326, 70 S.W. 2d 689, Comm.App., Sec. A.

**■** The appellees have filed in this Court a motion to strike out the purported Plaintiffs' Statement of Facts, which appear in the transcript filed herein, reciting that the statement of facts was neither agreed to by appellees nor approved by the trial judge. An examination of such statement of facts shows that it was not approved or signed by the trial judge or the appellees or their attorneys, and is not acceptable to appellees.

The motion is granted and the statement of facts as presented is ordered stricken.

Rule 377, T.R.C.P.

**■** We do not believe the trial court was in error or abused his discretion in overruling the motion for a new trial.

The compromise agreement was signed by the attorneys of record for the plaintiffs, and the court was requested to approve the same, and no question of the authority of the attorneys to sign the agreement was raised until after the judgment was rendered, and no evidence was offered in support of the motion for a new trial. No reason was assigned why the agreement was not valid and why it would not support the judgment.

In the findings of fact the court found that a bona fide controversy was before the Court and that the agreement to compromise was entered into to settle all matters at issue; that the agreement was presented to the court and request was made by all parties for an approval of it; that no evidence was offered in support of the motion, or any reason assigned for an objection to the judgment, and concluded that the agreement to compromise was a valid contract, and that the judgment rendered was the only proper one that could have been rendered.

**■** We believe that the attorneys who entered into the compromise agreement had authority to make such agreement, and in the absence of clear evidence to the contrary, we presume that they did have such authority. Williams v. Nolan, 58 Tex. 708.

In Dunlap v. Villareal, Tex.Civ.App., 91 S.W.2d 1124, 1125, it was held:

> "While it is true, generally, that an attorney has no authority to compromise the lawsuits of his client, yet 'every reasonable presumption is to be indulged in favor of a settlement made by an attorney duly employed, and especially so after a court has recognized such an agreement and entered a solemn judgment on it.'
>
> * * *
>
> "It has been held, as well, that an attorney has implied authority in a given case, such as this, when he assumes to exercise it."

**■** Then, too, the failure of the appellants to offer any proof in support of the motion, which proof, if any, was exclusively within their knowledge is a circumstance against them, and has probative force. James v. Strickland, Tex.Civ. App., 241 S.W.2d 234.

The case of Burnaman v. Heaton, Tex. Sup., 240 S.W.2d 288, is relied on by appellants as authority for their position that the court erred in refusing to grant the motion for a new trial. In the Burnaman case the Court had received knowledge that the plaintiff was dissatisfied with the agreement before the agreement of settlement was accepted by the court, and the Judge had actual notice that the settlement might not be satisfactory to one of the parties. A hearing was had and testimony given, the Judge inserted in the record his recollection of the facts concerning information he had received that

Mrs. Burnaman was trying to back out on the settlement. The appellant testified by deposition, since she, at all times mentioned, was in the Herman Hospital in Houston. The trial judge had actual notice before the agreement was approved that the plaintiff was dissatisfied with the agreement and was fully apprised of all such dissatisfaction and reasons why the judgment should be set aside in the hearing on such motion. This case under the facts is not controlling in the instant case in view of the facts and circumstances surrounding this case.

The judgment of the trial court is affirmed.

Affirmed.