**TERRAIN ENTERPRISES, INC.,**
**Plaintiff-Appellee,**

**v.**

**The WESTERN CASUALTY AND**
**SURETY COMPANY,**
**Defendant-Appellant.**

**No. 84–4615.**

United States Court of Appeals,
Fifth Circuit.

Oct. 29, 1985.
Rehearing and Rehearing En Banc
Denied Nov. 25, 1985.

Ott & Purdy, William A. Weinischke, Jackson, Miss., for defendant-appellant.

Paul D. Snow, III, Charles I. Knauss, Jr., Jackson, Miss., for plaintiff-appellee.

Before CLARK, Chief Judge, POLITZ and JONES, Circuit Judges.

## OPINION

CLARK, Chief Judge.

The Western Casualty and Surety Company appeals a jury verdict against them in a tortious breach of contract suit brought by Terrain Enterprises, Inc. We reverse.

Terrain entered into a contract with U-Con on April 4, 1979. U-Con was to prepare street and sewer connections for a subdivision being developed by Terrain. Western was the surety on the project. U-Con defaulted on its contract with Terrain in early 1980. Western was not informed of this default until July 1980.

Upon notification Western hired an adjustor and an engineer to determine what completion costs would be. This job was made more difficult because the job site had been ignored for the six months between U-Con's default and Western's notification and the engineer could not readily determine the extent of U-Con's underground work. Based on the information acquired, Western made a settlement offer of $50,000, which combined with the amount remaining in the contract, would have provided $198,327.90 to complete the project.

Terrain rejected this offer and hired Mid-South Constructors to complete the job at a cost of $196,596.50. Terrain's excess costs were $48,677.46. Western repeated its settlement offer after Terrain entered the contract with Mid-South, which offer was rejected. Instead, Terrain sued Western for tortious breach of contract.

Two weeks before the earliest trial date, however, David Mockbee, Terrain's attorney, made a $65,000 settlement offer to Western's attorney, which offer was accepted by Western. Terrain subsequently disavowed the offer as unauthorized. Western made a motion to enforce the settlement on October 14, 1983. The trial court expressly recognized that a settlement offer was made by Terrain's attorney and accepted by Western's attorney but denied the motion. (Order of October 17, 1983). He found a genuine misunderstanding between Terrain and Terrain's attorney regarding the attorney's authority to settle the case.

The jury returned a verdict against Western for $283,830 compensatory damages and $800,000 punitive damages. The trial judge awarded prejudgment interest in the amount of $88,932.00. Western appeals the verdict as excessive, against the evidence, the subject of passion and prejudice and rendered in accordance with improper instructions.

■ As a matter of law, based on uncontradicted evidence, there was an offer of settlement by counsel for Terrain and an acceptance by counsel for Western. Where the parties, acting in good faith, settle a controversy, the courts will enforce the compromise without regard to what the result might have been had the parties chosen to litigate. *Hennessy v. Bacon,* 137 U.S. 78, 11 S.Ct. 17, 4 L.Ed. 605 (1890). Mississippi law also looks with favor upon compromise and settlement of litigation. *State v. Stockett,* 249 So.2d 388 (Miss. 1971); *Parker v. Howarth,* 340 So.2d 434 (Miss.1976) (the compromise of doubtful claims is favored); *McCorkle v. Hughes,* 244 So.2d 386 (Miss.1971) (where there is no fraud and the parties meet on equal terms and adjust their differences, the court will not overlook the compromise, but will hold the parties concluded by the settlement).

■ Notwithstanding the law regarding settlement, Terrain contends that their counsel, David Mockbee, did not have actual or apparent authority to settle the case for $65,000. Western countered that contention with Mockbee's testimony that he was "directed" to settle the case. Because in a diversity suit, state law controls whether a contract of settlement was made and whether it should be enforced, *Glazer v. J.C. Bradford & Co.*, 616 F.2d 167 (5th Cir.1980), we will look to Mississippi law to resolve the matter.

■ Mississippi follows the common law rule except where changed by statute. *Tuggle v. Williamson*, 450 So.2d 93 (Miss. 1984). In this instance there is no statute changing the doctrine of apparent authority which is recognized by Mississippi law. *NMS Industries v. Premium Corp. of America*, 487 F.2d 292 (5th Cir.1973). An act is considered to be within the agent's apparent authority when a third party is justified in concluding that the agent is authorized to perform it from the nature of the duties which are entrusted to him. *McPherson v. McLendon*, 221 So.2d 75, 78 (1969). Apparent authority is to be determined from the acts of the principal and requires reliance and good faith on the part of the third party. *Tarver v. J.W. Sanders Cotton Mill*, 187 Miss. 111, 192 So. 17 (1939).

As both parties point out, Terrain's actions are dispositive of the question of apparent authority in this situation. Terrain hired Mockbee as counsel and from that point until the termination of his services, he handled the case. Testimony showed that he attended and took depositions, corresponded with counsel for Western, conducted discovery and participated in all pretrial conferences and orders.

■ It is presumed that an attorney who has represented a party is authorized to take all action necessary to conduct the litigation. *Great Atlantic and Pacific Tea*

*Co. v. Majure*, 176 Miss. 356, 168 So. 468 (1936). The burden of showing that the attorney had no authority to act is upon the party denying such authority. *Hirsch Bros. & Co. v. R.E. Kennington Co.*, 155 Miss. 242, 124 So. 344 (1929). Terrain did not meet this burden because they did not offer any proof that Mockbee did not have authority to act on their behalf. Western was justified in relying upon the settlement offer made by Mockbee based upon his previous actions as representative of Terrain. There is no question here of good faith. Thus, the three requirements of apparent authority were satisfied in this instance.[1]

The judgment appealed from is reversed and the case is remanded to the district court with directions to enforce the settlement offer between Terrain and Western.

REVERSED and REMANDED.

---

1. The factual and legal issues raised on appeal are now irrelevant because the case was resolved on the settlement issue. Terrain, however, suggests that even if the court enforces the settlement, the issue of bad faith remains and the punitive damages award could and should be affirmed. Not only is this argument without merit, but the instruction on bad faith should not have been given under the facts of this case. *Blue Cross & Blue Shield of Miss. v. Campbell*, 466 So.2d 833 (Miss.1984).