United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20394
Summary Calendar

JOE PRICE, ARETHA PRICE

                    Plaintiffs - Counter Defendants - Appellants
                    - Cross - Appellees

        v.

ALLSTATE INSURANCE CO

                    Defendant - Counter Claimant - Appellee -
                    Cross - Appellant

JEFFREY A SHADWICK

                    Defendant - Appellee

                    --------------------
        Appeal from the United States District Court
            for the Southern District of Texas
                 USDC No. 4:03-CV-804
                    --------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Joe and Aretha Price appeal from the district court's order

granting Defendant Allstate Texas Lloyd Company's motion to

enforce settlement agreement.  The record shows that the Prices

brought suit against Allstate in state court when Allstate

refused to provide coverage for claimed damages under the Prices'

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

homeowner's insurance policy. Allstate removed the case to federal court under the district court's diversity jurisdiction. The Prices' attorney subsequently agreed with Allstate's counsel to settle the case and Allstate tendered payment, but the Prices refused to execute the settlement papers, contending that they had not agreed to a full and final settlement of all claims. The Prices believed that the settlement amount was to cover only damage to their home and excluded their claims for personal property damage and additional living expenses. Allstate then counterclaimed for breach of the settlement agreement, seeking specific performance and an award of attorneys' fees. The district court granted the enforcement of the agreement but denied Allstate's request for fees.

The Prices argue that their counsel lacked authority to settle their entire case and breached his fiduciary duty to them. The record contains evidence of written communications between the Prices, their attorney, and Allstate's attorney discussing a settlement contingent upon a full and final settlement of all claims. The Prices' counsel communicated Allstate's final settlement offer to Joe Price, who responded unconditionally that counsel should accept the offer. Based on the record, including testimony of the parties at an evidentiary hearing, the district court did not reversibly err by holding that plaintiffs' counsel had authority to settle the entire case. See Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 266 (5th Cir. 1995); Walden

v. Sanger, 250 S.W.2d 312, 316 (Tex. App. 1952); TEX. R. CIV. P. 11; see also Terrain Enter., Inc. v. Western Cas. and Sur. Co., 774 F.2d 1320, 1322 (5th Cir. 1985).

Allstate cross-appeals from the district court's denial of its request for attorney's fees. The Prices's briefs contain no response to Allstate's cross-appeal on this issue. Under Texas state law, a court has discretion to determine the amount of a fee award but the award of reasonable fees is mandatory if a party prevails on a breach of contract claim. See DP Solutions, Inc. v. Rollins, Inc., 353 F.3d 421, 436 (5th Cir. 2003); TEX. CIV. PRAC. & REM. CODE ANN. § 38.001. Allstate prevailed on its claim for specific performance under the settlement agreement, and the district court abused its discretion by denying the fee request. See Kona Tech., Corp. v. Southern Pac. Transp. Co., 225 F.3d 595, 614 (5th Cir. 2000); Rasmusson v. LBC Petrounited, Inc., 124 S.W.3d 283, 287 (Tex. App. 2002). Ordinarily, we would remand to the district court so that it could determine the amount of the fees to be awarded to Allstate. In this case, that would simply increase the amount of the legal work that Allstate's counsel would be required to do and thereby increase the fees that the Prices would be required to pay. We elect, instead, to fix the amount of the fees and expenses to be awarded to Allstate for all phases of this case, both in the district court and on appeal, at $8,000.

AFFIRMED IN PART; VACATED IN PART AND JUDGMENT RENDERED AGAINST THE PRICES FOR ALLSTATE'S ATTORNEYS FEES IN THE AMOUNT OF $8,000.  The Prices shall bear the costs of this appeal.  The mandate shall issue forthwith.