MAXWELL, J.,
for the Court:
¶ 1. In March 2009, the Hinds County Circuit Court ordered Tonya Melton, Charles David Melton Jr., Paula Dawn Harris, and James Kendall Harris (the Meltons) to execute documents settling their personal-injury lawsuit against Smith’s Pecans. The Meltons refused to comply and, after Smith’s Pecans moved for contempt, filed a motion under Mississippi Civil Procedure Rule 60(b) to set aside the enforcement order. On reconsideration, the circuit court weighed the Meltons’ testimony — that they neither consented to the settlement nor authorized their attorney to accept a settlement— against their immediate actions after they learned them attorney had settled their claims. Because the Meltons did not raise the issue of lack of consent or authority until after the March enforcement hearing, the circuit court found they failed to rebut the presumption that their attorney had *855 the apparent authority to settle with Smith’s Pecans.
¶ 2. We find the circuit court did not abuse its discretion in denying the Mel-tons’ Rule 60(b) motion. Further, we find it did not commit manifest error in citing the Meltons for contempt and appointing the circuit clerk to execute the settlement documents on the Meltons’ behalf. Therefore, we affirm.
FACTS
A.The Settlement Negotiations
¶ 3. The Meltons sued Smith’s Pecans for personal injuries based on alleged chemical exposure. The week before the scheduled trial, the attorneys for both parties reached a settlement over the phone. Smith’s Pecans agreed to pay $80,000 in exchange for the Meltons’ promise to execute a release and pay all their own medical expenses, including any Medicaid and Medicare liens. On January 7, 2009,[1] Smith’s Pecans’ attorney emailed the Mel-tons’ attorney, Michael Brown, to confirm the terms of the settlement and ask to whom the settlement check should be addressed. Brown replied by e-mail the next day, January 8. In this e-mail, Brown provided his tax identification number for the check, confirmed the Meltons had granted him settlement authority, and notified Smith’s Pecans he was working with the Meltons to sort out Medicaid and Medicare lien issues.
¶ 4. Trial was cancelled, and on January 15, Smith’s Pecans mailed Brown an $80,000 check, an agreed order of dismissal, and a release for the Meltons to execute. But the Meltons refused to negotiate the check or sign the release. On January 22, through an e-mail from Brown to Smith’s Pecans’ attorneys, the Meltons voiced their concerns about the settlement, primarily that Tonya’s ex-husband claimed he had a lien on the settlement for Tonya’s back child support.
B. The March Hearing on the Motion to Enforce Settlement
¶ 5. Smith’s Pecans filed a motion to enforce the settlement. The circuit court heard the motion on March 6. At the time of the enforcement hearing, Brown had a pending motion to withdraw his representation in this matter. Nevertheless, Brown represented the Meltons in this hearing. Although present, the Meltons did not testify at this hearing or object to Brown’s continued representation or the arguments he made on their behalf.
¶ 6. The enforcement hearing focused on the effect of Tonya’s ex-husband’s potential lien on the enforceability of the settlement. Finding Tonya had been aware of her child-support obligation before settling with Smith’s Pecans, the circuit court entered an order directing the Meltons to execute a release of all claims and enter an agreed judgment of dismissal. The circuit court entered its order on the docket on March 9, giving the Meltons fourteen days to comply.
C. The May Hearing on Parties’ Cross-Motions
¶ 7. Because the Meltons did not comply with the circuit court’s order within fourteen days, on March 25, Smith’s Pecans filed a motion for contempt, asking the circuit court to direct the circuit clerk to execute the settlement documents on their behalf, a remedy provided under Mississippi Civil Procedure Rule 70(a). On March 18, Brown filed a motion to withdraw based on the Meltons’ having terminated his services on March 16. The Meltons’ new counsel responded to the contempt *856 motion with a Rule 60(b) motion to set aside the order enforcing settlement. The Meltons argued they should be relieved from the order because (1) their previous attorney did not adequately advise them of the settlement; (2) they did not consent to the terms of the settlement; and (3) they did not have the opportunity to testify at the March enforcement hearing.
¶8. On May 8, the circuit court heard both the contempt and Rule 60(b) motions. The Meltons called Brown as an adverse witness, who testified the Meltons authorized him to settle for $80,000 and that a settlement had been reached. All four Meltons testified that they had not given settlement authority and had not received adequate advice from Brown to enter a settlement.
¶ 9. The circuit court weighed the Mel-tons’ testimony against their actions following the January 8 settlement. It found the Meltons were aware of the March enforcement hearing but failed to speak up at the hearing concerning Brown’s lack of authority to settle. Instead, they allowed Brown to argue in their presence that the sole reason justifying not enforcing the settlement was the potential lien by Tonya’s ex-husband on her portion of the settlement funds. It was only after the court entered the order enforcing settlement and Brown filed a motion to withdraw that the Meltons first claimed they did not give Brown settlement authority. Applying the rebuttable presumption that attorneys have the apparent authority to settle their client’s claims, the circuit court found the Meltons failed to show Brown lacked authority. On May 27, the circuit court entered an order denying their motion to set aside enforcement. By separate order, also entered May 27, the circuit court cited the Meltons for contempt and appointed the circuit clerk to execute the release and an agreed judgment of dismissal on their behalf.
¶ 10. On June 5, the Meltons filed their notice of appeal.
DISCUSSION
A. Orders on Review
¶ 11. Because the Meltons filed their notice of appeal almost ninety days after the entry of the March 9 order enforcing the settlement, we lack jurisdiction to consider directly the validity of this order. M.R.A.P. 4(a) (requiring the notice of appeal be filed within thirty days after the date of the entry of the order appealed from); M.R.A.P. 2(a) (requiring dismissal of untimely filed notices of appeal); Bank of Edwards v. Cassity Auto Sales, Inc., 599 So.2d 579, 582 (Miss.1992) (“[F]ailure to file a timely appeal leaves this Court without jurisdiction to consider the case.”). Filing a motion for relief under Rule 60(b) did not alter the thirty-day jurisdictional requirement. Bank of Edwards, 599 So.2d at 582 (quoting M.R.C.P. 60(b)).
¶ 12. Therefore, we limit our review to the two orders entered within thirty days prior to the Meltons’ June 5 notice of appeal: (1) the denial of the Meltons’ Rule 60(b) motion and (2) the grant of Smith’s Pecans’ motion for contempt and execution of the settlement documents under Rule 70(a), both filed on May 27. See Saint v. Quick, 24 So.3d 395, 401 (¶ 20) (Miss.Ct. App.2009).
B. The Denial of Rule 60(b) Motion to Set Aside

1. The Circuit Court’s Application of Rule 60(b)

¶ 13. The Meltons argue the circuit court should have provided relief from the order enforcing settlement (a) because there was no underlying settlement agreement and (b) because they did not have the *857 opportunity to testify about their attorney’s lack of settlement authority at the March enforcement hearing.
¶ 14. Mississippi Rule of Civil Procedure Rule 60(b) provides relief from a final order, “[o]n motion and upon such terms as are just,” for five enumerated reasons and a sixth “catchall” provision — “any other reason justifying relief from the judgment.” M.R.C.P. 60(b). The Meltons did not specify which subsection(s) applied to their motion for relief. Applying the Mel-tons’ claims to the language of Rule 60(b), we find only subsection six, the catchall, provides a potential avenue of relief.[2]
¶ 15. In Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss.1984), the Mississippi Supreme Court announced the standard for trial courts when considering a motion filed under Mississippi Civil Procedure Rule 60(b):
When ruling on such motions a balance must be struck between granting a litigant a hearing on the merits with the need and desire to achieve finality in litigation. Further, Rule 60(b) motions should be denied where they are merely an attempt to relitigate the case.... Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances, and that neither ignorance nor carelessness on the part of an attorney will provide grounds for relief. Additionally, it has been said that a party is not entitled to relief merely because he is unhappy with the judgment, but he must make some showing that he was justified in failing to avoid mistake or inadvertence[.] ... [Rjelief from a judgment is not to be granted under Rule 60(b) simply because its entry may have resulted from incompetence or ignorance on the part of an attorney employed by the party seeking relief.
(Internal citations and quotations omitted). Applying this standard, the circuit court found no extraordinary circumstances justifying setting aside its previous order.
¶ 16. Instead, the circuit court found Brown, based on his representation of the Meltons throughout the litigation, had the apparent authority to enter into a binding settlement. Terrain Enters., Inc. v. W. Cas. & Sur. Co., 774 F.2d 1320, 1322 (5th Cir.1985) (applying Mississippi law); Parmley v. 84 Lumber Co., 911 So.2d 569, 573 (¶ 19) (Miss.Ct.App.2005). He also found the Meltons had failed to meet their burden to show Brown actually lacked authority. Terrain, 774 F.2d at 1322. Although they testified they did not give Brown authority to settle, the circuit judge found their actions during and after the settlement negotiations contradicted their claims. The evidence showed the Meltons were aware of the settlement soon after Brown accepted it. They let two weeks pass without notifying Smith’s Pecans that they did not consent to the settlement. When presented the cheek and settlement documents, they refused to execute them, not because of Brown’s lack of authority, but because they learned Tonya’s ex-husband claimed he was entitled to a portion of the settlement. The circuit judge found *858 these actions supporting Brown’s authority-more persuasive than the Meltons’ subsequent testimony.
¶ 17. The circuit court was also unpersuaded by their argument that they were denied the opportunity to testify at the enforcement hearing. ■ The circuit court noted the Meltons were present at the hearing, were aware that Brown was still representing them (despite his pending motion to withdraw), and were apparently satisfied with the sole argument for not enforcing the settlement that Brown presented — the potential lien by Tonya’s ex-husband, which the circuit court found to be irrelevant.

2. Our Review

 ¶ 18. “[A]n appeal from denial of [a Rule 60(b) ] motion brings up for review only the order of denial itself and not the underlying judgment.” Overbey v. Murray, 569 So.2d 303, 305 (Miss.1990) (citations omitted). When reviewing a grant or denial of a Rule 60(b) motion, our review is limited. Stringfellow, 451 So.2d at 221. “[T]he only question asked on appeal is whether the trial court’s ruling on such a motion amounts to an abuse of discretion.” Accredited Sur. & Cas. Co. v. Bolles, 535 So.2d 56, 58 (Miss.1988) (citing Stringfellow, 451 So.2d at 220). Given this limited review, we find the circuit court did not abuse its discretion.

a. Apparent Authority to Settle

¶ 19. The underlying question of whether a settlement was reached, based on a meeting of the minds between the parties and apparent authority by their attorneys, is a question of fact. Northrop Grumman Ship Sys., Inc. v. Ministry of Def. of the Republic of Venez., 575 F.3d 491, 499 (5th Cir.2009) (The boundaries of an attorney’s agency authority is a question of fact, not law.); Vaughn v. Rettig, 912 So.2d 795, 799 (¶ 21) (Miss.2005) (citations omitted) (finding whether there is a meeting of the minds is an evidentiary question); Anderson v. Kimbrough, 741 So.2d 1041, 1045 (¶ 12) (Miss.Ct.App.1999) (“The existence of a contract and its terms are questions of fact to be resolved by the fact-finder, whether a jury or a judge in a bench-trial.”). On reconsideration, the circuit court found the Meltons’ testimony failed to rebut the presumption their attorney had the apparent authority to enter into a binding settlement. See Parmley, 911 So.2d at 573 (¶ 19) (finding evidence of offer and acceptance supported decision that attorney exercised apparent authority to enter settlement).
¶20. The circuit court focused on the Meltons’ actions leading up to and after the formation of the settlement agreement and determined Brown had apparent authority to act. This was a proper application of Mississippi law based upon apparent authority in agency relationships. E.g., Eaton v. Porter, 645 So.2d 1323, 1325 (Miss.1994) (looking to conduct of the principal to determine that apparent authority existed). Because the circuit court’s decision is supported by substantial evidence and the appropriate law, we find the circuit court did not abuse its discretion in refusing to set aside its previous decision that Brown entered into a settlement binding on the Meltons.

b. The Meltons’ Testimony

¶ 21. The Meltons argue the denial of an opportunity to testify at the March enforcement hearing was an alternative reason justifying setting aside the enforcement order. The circuit court disagreed. It found the Meltons were present at the March hearing and could have testified. Further, the circuit court allowed the Mel-tons to testify at the May reconsideration hearing and weighed their testimony in its decision to deny their requested relief.
*859 ¶ 22. On appeal, the Meltons argue Brown’s decision not to have them testify at the March hearing is evidence of Brown’s overall incompetence, which should prevent the settlement being enforced. But Brown’s alleged incompetence cannot be a basis for Rule 60(b) relief. Relief from an order will not be granted merely because “its entry may have resulted from incompetence or ignorance on the part of an attorney employed by the party seeking relief.” Stringfellow, 451 So.2d at 221 (finding “neither ignorance nor carelessness on the part of an attorney will provide grounds for relief’). The circuit court considered the Meltons’ testimony but concluded their contentions did not justify setting aside its previous decision that the Meltons had settled with Smith’s Pecans. Accordingly, we find the circuit court did not abuse its discretion by denying them Rule 60(b) relief on this ground.
C. The Citation for Contempt and Appointment of the Circuit Clerk to Execute the Settlement Documents
¶ 23. Although the Meltons specifically designated the contempt order in their notice of appeal, they failed to cite any authority in their brief for why the finding of contempt or the appointment under Rule 70(a) was improper. “[T]he failure to cite authority in support of an argument eliminates our obligation to review the issue.” Dampier v. State, 973 So.2d 221, 228 (1120) (Miss.2008). Procedural bar notwithstanding, we note that by implication, the Meltons argue the citation of contempt and appointment under Rule 70(a) to execute the settlement documents were improper because the underlying order enforcing settlement was erroneous. But the order enforcing settlement is not at issue in this appeal. Further, the failure to comply with a court’s order is not excused even by a later determination that the order was erroneous. Corporate Mgmt., Inc. v. Greene County, 23 So.3d 454, 469 (¶ 33) (Miss.2009). Unless the order is void ab initio, “one bound by it must either comply or gain relief from an appropriate court on the pain of contempt.” Id. (quoting Stacy v. Ross, 798 So.2d 1275, 1283 (¶ 34) (Miss.2001)).
¶ 24. Because the primary purpose of the contempt order was to enforce compliance with a previous order, the contempt is civil, and we review for manifest error. Corporate Mgmt., 23 So.3d at 466 (¶ 33) (distinguishing civil contempt from criminal contempt). “Regarding a determination of contempt, a trial court due to its temporal and physical proximity to the parties ‘is infinitely more competent to decide the matter.’ ” Id. at 466 (¶ 32) (quoting R.K. v. J.K, 946 So.2d 764, 777 (¶ 39) (Miss.2007)).
¶ 25. The order enforcing settlement directed the Meltons to execute the settlement documents within fourteen days. During those fourteen days, the Meltons did not move the court for a stay or additional time to comply, did not file a notice of appeal, and did not file a Rule 60(b) motion to set aside the order. Only after Smith’s Pecans moved for citation for contempt did the Meltons respond with a Rule 60(b) motion. Therefore, we find no manifest error in citing the Meltons for contempt.
¶ 26. We found no Mississippi cases addressing the application of Rule 70(a). But based on a plain reading of the rule, we find no error in granting Smith’s Pecans’ request that someone be appointed to execute the settlement documents. Rule 70(a) provides:
If a judgment directs a party ... to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed *860 by the court and the act when so done has like effect as if done by the party.
M.R.C.P. 70(a). The settlement-enforcement order directed the Meltons to perform a specific act (execute the settlement documents) within a specific time period (fourteen days). And the record clearly reflects the Meltons did not comply with this order. Therefore, we find the circuit court properly exercised its discretion under Rule 70(a) to appoint the circuit clerk to execute the settlement documents.
CONCLUSION
¶ 27. Relief under Rule 60(b) is an extraordinary remedy limited to exceptional circumstances. Here, the circuit court found no exceptional circumstances justified setting aside the order enforcing settlement. Instead, it found the evidence the Meltons presented to support their Rule 60(b) motion failed to rebut the presumption their attorney had the authority to settle their claims. Finding the circuit court did not abuse its discretion in denying the Meltons’ motion, we affirm the order denying the Meltons’ motion to set aside the order enforcing settlement. Further finding the circuit court did not abuse its discretion in granting Smith’s Pecans’ motion, we affirm the order citing the Meltons for contempt and appointing the circuit clerk to execute the settlement documents.
¶ 28. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR.

. All dates in this opinion refer to events occurring in 2009.

. The Meltons do not argue: under subsection (1), Smith's Pecans, the adverse party, made any misrepresentations or committed fraud; under subsection (2), the order was the result of accident or mistake; or under subsection (5), the judgment has been satisfied. Although they argue they were denied the opportunity to present evidence at the March enforcement hearing, they do not argue, under subsection (3), this evidence was not discoverable at the time of the hearing or within ten days of the entry of the enforcement order. Finally, they do not argue, under subsection (4), the order itself is void. Instead, they argue the order is erroneous because the underlying settlement agreement is void. M.R.C.P 60(b)(l)-(5).