599 So.2d 579 (1992)
BANK OF EDWARDS
v.
CASSITY AUTO SALES, INC., Capital Auctions, Inc. and Willie Rozelle.
No. 07-CA-59585.
Supreme Court of Mississippi.
May 20, 1992.
*580 Wren C. Way, Way Field & Bodron, Vicksburg, for appellant.
Fred A. Ross, Jr., Beach Luckett & Ross, Bernard C. Jones, Jr., Jackson, for appellees.
En Banc.
McRAE, Justice, for the Court:
This appeal stems from a suit by two wholesalers of used automobiles against a used car dealer and a bank which financed some of the dealer's sales. The case was tried in the Circuit Court of Hinds County. The jury returned a verdict against the bank, awarding $25,000 to the wholesalers and $1,200 to the dealer pursuant to the dealer's cross-claim. The court entered judgment in accordance with the verdict. The bank assigns several errors for consideration by this Court. We decline to consider the merits of the assignments since the appellant failed to file its appeal within the mandatory thirty-day time limit.

I.
Appellees Cassity Auto Sales, Inc. ("Cassity") and Capital Auctions, Inc. ("Capital") filed suit on December 29, 1986, against the Bank of Edwards ("the Bank") and against Willie Rozelle ("Rozelle"), the dealer. In their complaint, Cassity and Capital alleged that they had never been paid for certain used automobiles which Rozelle purchased from them at wholesale and sold at retail. Cassity and Capital further alleged that the Bank, which financed the retail sales, had breached on oral contract in which it had promised to pay a portion of the loan proceeds directly to the Cassity and Capital instead of to Rozelle.
The Bank answered on February 2, 1987. The answer denied the existence of an oral contract and alternatively asserted the affirmative defenses of lack of consideration and the statute of frauds. Rozelle filed a separate answer on February 4, 1987. Rozelle denied that he was responsible for the amount due to Cassity and Capital. Rather, he asserted, he had relied on the Bank's alleged promise to remit payments directly to the wholesalers. Rozelle cross-claimed against the Bank, alleging that the Bank had withheld the subject loan proceeds not only from Cassity and Capital, but from him as well. The Bank's retention of the proceeds, Rozelle claimed, was intentional and fraudulent. The cross-claim demanded that the Bank be held liable to Rozelle for the total of any judgment entered against *581 him pursuant to the claim of Cassity and Capital. Rozelle also demanded punitive damages for "great emotional distress" and exposure to "significant public ridicule and embarrassment" along with a "reasonable attorney's fee."
The case was tried on July 15-17, 1987. The jury returned a verdict for the plaintiffs in the amount of $25,500.00. The jury also returned a verdict in favor of Rozelle on his cross-claim in the amount of $1,200.00. On July 17, 1987, the court entered final judgment.
On July 27, 1987, the Bank presented a Motion for Judgment Notwithstanding the Verdict or in the Alternative for a New Trial pursuant to Rule 59 of the Mississippi Rules of Civil Procedure. The court issued an order overruling the motion on August 5, 1987, and the order was filed with the Circuit Clerk on August 10, 1987. On September 22, 1987, the Bank filed a Motion to Set Aside the Order Dismissing the Defendant's Motion for a New Trial and for Judgment Notwithstanding the Verdict of the Jury. In an order entered on October 22, 1987 and filed on October 26, 1987, the court overruled the Bank's motion to set aside.
The Bank petitioned this Court for remedial relief, but on October 27, 1991, this Court denied the petition without prejudice to appellant's right to appeal from the lower court judgment and to seek supersedeas in the lower court. The Bank filed its Notice of Appeal that same day.
On December 22, 1988, appellees Cassity and Capital filed in this Court a Motion for a Mandatory Dismissal for an Untimely Appeal. The movants observed that while the circuit court entered its order denying the Bank's motion for JNOV/New Trial on August 10, 1987, the Bank did not appeal until October 27, 1987  a delay of 73 days. The movants cited Rules 2 and 4 of the Mississippi Supreme Court Rules which provide that an appeal shall be dismissed unless filed within thirty days after the final disposition of a motion for a new trial. In its Response to Motion to Dismiss, the Bank argued that there had been no valid final disposition of its motion for JNOV/New Trial since it had not been afforded a hearing on the motion. According to the Bank:
Pursuant to M.R.C.P. Rules 50(b) and 59(a), Petitioner [the Bank] filed its Motion for Judgment Notwithstanding the Verdict or, in the Alternative, for a New Trial. Pursuant to the requirements of Rule 6(d), M.R.C.P., attorney for Petitioner contacted the presiding judge's staff with regard to a setting of said Motion in order to give Notice of Hearing to counsel opposite. In the interim, unknown to Movant or its attorney, Honorable Fred Ross, attorney for Plaintiff, Cassity Auto Sales, Inc., et al prepared an Order overruling the Motion which was summarily signed by the lower Court on August 5, 1987... . No response had been made to the Motion by Cassity Auto Sales, Inc., et al. In fact, the other Plaintiff, Rozelle, filed a response to the Motion on August 5, 1987, the same day the order was signed.
Petitioner, upon learning of the Order after again contacting the Court for a setting of the Motion, immediately filed its Motion to Set Aside same pursuant to M.R.C.P. 60(b), and asked for a hearing upon the original motion for Judgment Notwithstanding the Verdict and for a New Trial. The lower Court entered its Order overruling the Motion, holding that the Court was now without jurisdiction to set aside the previous Order... . Appellant assigns as error that the lower Court erred in overruling Petitioner's Motion since jurisdiction to determine said Motion was clearly within the lower Court, and that proper relief could and should have been granted by the Court below pursuant to M.R.C.P. 60(b).
On March 1, 1989, this Court denied Cassity's and Capital's Motion for Mandatory Dismissal per curiam.
In its appellate brief, the appellees assert that this court has no jurisdiction due to the Bank of Edward's failure to file its appeal in a timely manner.

II.
The procedure for appealing a circuit court judgment is clearly set out in the *582 Mississippi Supreme Court Rules. Rule 4(a) provides:
In a civil or criminal case in which an appeal or cross-appeal is permitted by law as of right from a trial court to this Court the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of judgment or order appealed from.
Rule 2(a) requires the following:
(1) Mandatory Dismissal. An appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5.
Rule 2(a) reflects the long-standing rule in this state that the failure to file a timely appeal leaves this Court without jurisdiction to consider the case. See In re Estate of Ware, 573 So.2d 773, 774 (Miss. 1990); Kennedy v. Gervais, 345 So.2d 1039, 1039 (Miss. 1977). The rule is strictly enforced. Estate of Ware, 573 So.2d at 775; see, e.g., Moore v. Wax, 554 So.2d 312, 313 (Miss. 1989); Duncan v. St. Romain, 569 So.2d 687, 688-89 (Miss. 1990) (appeal dismissed where out-of-state lawyer relied in good faith on conflicting statutory appeal period of 45 days).
The Bank concedes that it filed its appeal more than thirty days after the circuit court entered its denial of the Bank's Motion for JNOV/New Trial. The Bank, therefore, must suffer the penalty of dismissal prescribed in Rule 2. The Bank's filing of a Rule 60 Motion to Set Aside is irrelevant since the filing of such a motion does not toll the running of the thirty-day time limit for appeal. Browder v. Director, Dept. of Corrections, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, n. 7, 54 L.Ed.2d 521 (1978); McDowell v. Dynamics Corp., 931 F.2d 380, 382 (6th Cir.1991); Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 493 U.S. 868, 110 S.Ct. 192, 107 L.Ed.2d 146 (1989); United States v. One Urban Lot, 882 F.2d 582, 585 (1st Cir.1989); Sanders v. Clemco Industries, 862 F.2d 161, 169 (8th Cir.1988); see also Brown v. United Ins. Co., 807 F.2d 1239, 1242-43 (5th Cir.1987). Rule 60 itself states that "[a] motion under this subdivision does not affect the finality of a judgment or suspend its operation." Miss.R.Civ.Pro.Rule 60(b).
The Bank nevertheless insists that dismissal is not in order since it was not afforded an opportunity to be heard on its Motion for JNOV/New Trial. Accepting arguendo the accuracy of the Bank's version of the events surrounding the denial of its motion for JNOV/New Trial, the trial court's error, if any, certainly did not prevent or hinder the Bank from filing a timely appeal. It is noteworthy that the Bank did not even file its Motion to Set Aside until after the thirty-day time limit had passed: The lower court entered its order denying the Bank's Motion for JNOV/New Trial on August 5; the Bank did not file its Motion to Set Aside the Order until September 22.[1]
Due to the Bank's 73-day delay in filing an appeal, this Court has no jurisdiction to hear the case. The appeal is dismissed pursuant to Rule 2 of the Mississippi Supreme Court Rules with all costs to be assessed against the appellant.
APPEAL DISMISSED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN and BANKS, JJ., concur.
DAN M. LEE, P.J., and PITTMAN, J., not participating.
NOTES
[1] The passage of thirty days did not preclude the Bank from filing a Rule 60 motion to set aside. Rule 60(b) provides that such a motion shall be filed within a "reasonable time" or within six months after judgment, depending upon the grounds. The trial court may have erred, therefore, in concluding that it had no jurisdiction to hear the Bank's September 22 Rule 60 motion. However, the Bank asserted no such error pursuant to this appeal. Its briefs discuss neither the motion nor the trial court's denial thereof. The Bank has therefore waived any objection it may otherwise have raised regarding the trial court's October 22 denial of the Rule 60 motion.