IN THE SUPREME COURT OF MISSISSIPPI

NO. 97-CA-01140-SCT

*DENISE DOWDY HARLOW*

*v.*

*GRANDMA'S HOUSE, INC. AND BECKY CHISM
ROYE, INDIVIDUALLY, AND AS SECRETARY, AND
DAVID NEAL ROYE, INDIVIDUALLY, AND AS
PRESIDENT*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/24/97 |
| TRIAL JUDGE: | HON. FRANK ALLISON RUSSELL |
| COURT FROM WHICH APPEALED: | PONTOTOC COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TALMADEGE D. LITTLEJOHN |
| ATTORNEY FOR APPELLEES: | DENVIL F. CROWE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 12/10/98 |
| MOTION FOR REHEARING FILED: | 1/11/99 |
| MANDATE ISSUED: | 4/14/99 |

**BEFORE SULLIVAN, P.J., MILLS AND WALLER, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Grandma's House, Inc. et al. and Denise Harlow reached a settlement agreement, the terms of which were read into the court record before Judge Frank A. Russell in the Circuit Court of Pontotoc County on May 20, 1996. Appellant Harlow agreed to assume all debts of the corporation, Grandma's House, Inc. [hereinafter Grandma's House] incurred by her personally or by and through the corporation as a result of her affiliation with the corporation, including a $47,012 debt to First National Bank. In turn, Appellees Becky Roye and David Roye agreed to relinquish all claims to the real property owned by Grandma's House, including removal of all lis pendens and execution of a quit claim deed.

¶2. The parties further agreed to execute cross releases personally and as corporate officers, and to execute all corporate and personal documents necessary to reflect Harlow as the sole shareholder, director and officer of Grandma's House. The parties also agreed to return certain items of personal property to its

rightful owner(s). Finally, each party agreed to pay his or her own attorney's fees.

¶3. In its order of September 13, 1996, the circuit court, upon noting its previous order of June 27, 1996, specifically directed Harlow "to assume all debts of the Corporation known as Grandma's House, Inc.[,]" and dismissed the cause and counter-complaint with prejudice. Thereafter, on September 27, 1996, Harlow filed a Motion for a New Trial, or in the alternative, for Amendment of Judgment, and for Findings of Fact and Conclusions of Law. In its order of June 24, 1997, the court denied Harlow's motion for a new trial or in the alternative, for amendment of judgment, and assessed attorney's fees as sanctions against counsel for Harlow in the sum of seven hundred fifty dollars ($750.00).

¶4. On August 1, 1997, Harlow filed a Motion to Reopen Time for Appeal pursuant to M.R.A.P. 4(h). Harlow claimed neither she nor her counsel was furnished a copy of the June 24, 1997 order until August 1, 1997, after all time for appeal had expired. The circuit court denied Harlow's motion to reopen time for appeal on August 11, 1997.

¶5. On August 15, 1997, Harlow next filed a Motion to Extend Time for Filing Notice of Appeal pursuant to M.R.A.P. 4(g). Harlow again claimed neither she nor her counsel had received a copy of the June 24, 1997 order until August, 1, 1997. Harlow argued the circuit clerk's failure to provide her timely notice of the June 24, 1997 judgment constituted "good cause" to extend the time for filing a notice of appeal.

¶6. On August 27, 1997, Grandma's House opposed Harlow's motion to extend time for filing notice of appeal stating Harlow failed to show good cause or excusable neglect as required by Rule 4(g) to justify granting such an extension. Grandma's House also requested the court enforce the judgment rendered on June 24, 1997, wherein Grandma's House was awarded $750.00 as attorney's fees, and the court grant Grandma's House all costs and attorney's fees incurred in this action. On September 9, 1997, Harlow countered that the objection filed by Grandma's House should be stricken and its Motion for Attorney's Fees should be denied under M.R.C.P. 12(f) for failure to respond within ten days as required by the rule.

¶7. On August 29, 1997, Harlow filed her Notice of Appeal from the order entered on June 24, 1997, again claiming her counsel did not receive a copy of said order until August 1, 1997. Harlow noted there was pending at this time a Motion to Extend Time for Filing Notice of Appeal which the circuit court had not yet ruled upon and her notice of appeal was filed subject to the ruling of the court on said motion.

¶8. In its Order of December 4, 1997, *nunc pro tunc* July 23, 1997, the circuit court determined Harlow's motion for extension of time to file a notice of appeal was timely filed pursuant to the provisions of M.R.A.P. 4(g), and the court further determined Harlow had not received proper and timely notice of the entry of the order that is the subject of this appeal. Consequently, Harlow asks this Court to review two issues:

(1) whether the trial court erred in failing to issue its findings of facts and conclusions of law, pursuant to Rule 52(a) as requested by Harlow in her motion of September 27, 1996, in its judgment of June 24, 1997?

(2) whether the trial court erred in imposing sanctions against counsel for Harlow and in assessing attorney's fees against said attorney in its judgment of June 24, 1997?

## LEGAL ANALYSIS

¶9. A party's notice of appeal must be filed with the clerk of the trial court *within 30 days* after the date of entry of the judgment or order appealed from. M.R.A.P. 4(a) (emphasis added). Harlow is appealing from the circuit court's order of June 24, 1997, yet, she did not file her notice of appeal until August 29, 1997. Because Harlow failed to perfect her appeal within the required time and she cannot show the failure to timely perfect her appeal was a result of excusable neglect, this Court will refrain from addressing the issues raised by this appeal.

¶10. In its order of June 24, 1997, the court denied Harlow's motion for a new trial or in the alternative, for amendment of judgment, and assessed sanctions against Harlow. In its order the court described the settlement agreement previously entered into by the parties as "not ambiguous" and "clear" in its terms. The court also noted that counsel for Harlow, upon questioning by the court, admitted he and his client agreed with all terms of the settlement including the portion regarding debt assumption by Harlow. Also, the court stated Harlow's request for a new trial and findings of fact were misplaced because there had been no trial in this matter. Here, the parties merely entered a binding settlement agreement. Finally, the court *sua sponte* found the motion filed by Harlow "[was] without substantial justification, ostensibly interposed for harassment and [had] unnecessarily expanded the proceedings. . . ." The court assessed attorney's fees as sanctions against counsel for Harlow in the sum of seven hundred fifty dollars ($750.00). Harlow failed to file her notice of appeal within 30 days after this June 24, 1997 order.

¶11. On August 1, 1997, Harlow filed a Motion to Reopen Time for Appeal pursuant to M.R.A.P. 4(h) which provides:

> The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

Harlow claimed neither she nor her counsel received notice of the June 24, 1997 order from the clerk or any other party within 21 days of the entry of the order on June 24, 1997, and that no party would be prejudiced by the reopening of the time for appeal in this cause. Harlow claimed she was not furnished a copy of the June 24, 1997 order until August 1, 1997. Harlow further claimed she had no knowledge of the entry of the June 24, 1997 order until July 23, 1997, when she received this Court's Order filed on July 21, 1997, stating that a trial court order had been entered in this cause. Without explanation, the circuit court denied Harlow's motion to reopen time for appeal on August 11, 1997.

¶12. Then, on August 15, 1997, Harlow filed a Motion to Extend Time for Filing Notice of Appeal pursuant to M.R.A.P. 4(g) which states:

> The trial court may extend the time of filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time otherwise prescribed by this rule. Any such motion which is filed before expiration of the prescribed time may be granted for **good cause** and may be *ex parte* unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to other parties, and the motion shall be granted only upon a showing of **excusable neglect**. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

(emphasis added). The standards for extending the time for filing a notice of appeal depend upon the time period within which the appellant seeks an extension. The parties disagree as to which standard is applicable here.

¶13. Harlow claims her motion for extension of time was filed within the thirty (30) days after the expiration of the time otherwise provided by M.R.A.P. 4 for the perfection of appeal to this Court. More specifically, Harlow claims neither she nor her counsel was furnished a copy of the June 24, 1997 order within thirty seven days (37) days subsequent to the entry thereof and neither had knowledge of the entry of said order until this Court issued its Order filed on July 21, 1997, stating that a trial court order had been entered in this cause. Harlow concludes the circuit clerk's failure to timely notify her of the June 24, 1997 order constitutes "good cause" to extend the time within which to file her notice of appeal.

¶14. We disagree. Harlow admits in her motion that she had actual notice on July 21, 1997, that the court had entered its order of June 24, 1997; consequently, Harlow had three (3) days to timely file a notice of appeal. Harlow also claims she did not receive a copy of the June 24, 1997 order until July 23, 1997. Even if Harlow did not actually receive notice of the June 24, 1997 order until July 23, 1997, she still had one (1) day to timely file a notice of appeal. Yet, Harlow failed to perfect her appeal within the required time or to request an extension of time to file a notice of appeal.

¶15. Furthermore, M.R.C.P. 77(d) provides that lack of notice of an entry of an order by the clerk does not affect the time to appeal nor relieve Harlow for failure to appeal within the time allowed. M.R.C.P. 77(d) states:

> Notice of Orders or Judgments. Immediately upon the entry of an order or judgment the clerk shall serve a notice of entry in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the service. . . . *Lack of notice of the entry by the clerk does not affect the time to appeal, nor relieve, nor authorize the court to relieve, a party for failure to appeal within the time allowed, except as permitted by the Mississippi Rules of Appellate Procedure.*

(emphasis added).

¶16. We disagree with Harlow's claim that "good cause" is the applicable standard for determining whether to extend the time for filing a notice of appeal in this case. Harlow's motion was filed twenty two days past the allowed time to file an extension and such extension be granted for "good cause" shown. Consequently, Harlow has the burden of showing the failure to file a timely notice was a result of "excusable neglect." The official comment to M.R.A.P. 4(g) states mere failure to learn of the entry of the judgment is generally not a ground for showing excusable neglect. We conclude that since Harlow's only complaint is that she failed to receive a copy of the order from the clerk of the circuit court, Harlow has not and cannot show excusable neglect.

¶17. Accordingly, we find the circuit court erred in its order of December 4, 1997, nunc pro tunc July 23, 1997, when it determined Harlow's motion for extension of time to file a notice of appeal was timely filed pursuant to the provisions of M.R.A.P. 4(g).

¶18. **REVERSED AND REMANDED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, SMITH, MILLS AND WALLER, JJ.,**

**CONCUR. ROBERTS, J., NOT PARTICIPATING.**