757 So.2d 1071 (2000)
Dorothy PINKSTON, for and on Behalf of the heirs of Sonja A. PINKSTON, Dorlissa Pinkston, Dartarvias D. Pinkston, and as next friend of Shanedral C. Pinkston, Lewenca Pinkston and Adrena Pinkston, Appellants,
v.
The MISSISSIPPI DEPARTMENT OF TRANSPORTATION, Scott County Board of Supervisors and W.B. Patterson & Co., Appellees.
No. 1998-CA-01049-COA.
Court of Appeals of Mississippi.
April 4, 2000.
*1072 Suzanne Griggins Keys, Isaac K. Byrd Jr., Precious Tyrone Martin, Jackson, Attorneys for Appellants.
J. Tucker Mitchell, Ridgeland, Jim Fraiser, Jackson, W. Shan Thompson, Ridgeland, Attorneys for Appellees.
BEFORE McMILLIN, C.J., BRIDGES, AND PAYNE, JJ.
BRIDGES, J., for the Court:
¶ 1. On March 26, 1997, Dorothy Pinkston filed a complaint in the Circuit Court of the First Judicial District of Hinds County alleging that the named defendants were liable for the wrongful death of Sonja Pinkston. The Mississippi Department of Transportation (MDOT) filed an answer to the complaint along with a motion to dismiss the complaint and a motion for summary judgment. In filing their motion to dismiss, MDOT claimed that Pinkston failed to provide notice of the claim within ninety days prior to filing the lawsuit and failed to commence the action within the applicable one year statute of limitations.
¶ 2. On September 23, 1997, the Honorable L. Breland Hilburn entered an order sustaining the motion for summary judgment and the motion to dismiss pursuant to Miss.Code Ann. § 11-46-11 (1972). The order was filed with the court clerk on September 24, 1997. From this adverse order, Pinkston failed to file a notice of appeal. However, on October 29, 1997, she filed a motion for an extension of time in which to file notice of appeal. Almost one month later, on November 24, 1997, Pinkston filed a motion for reopening time for appeal. The trial judge denied both motions and Pinkston perfected her appeal to this Court alleging the following errors occurred at trial
I. THE LOWER COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME IN WHICH TO FILE A NOTICE OF APPEAL
II. THE LOWER COURT ERRED IN DENYING PLAINTIFF'S MOTION TO REOPEN TIME FOR AN APPEAL.
Finding no error at trial, we affirm.

FACTS
¶ 3. On February 10, 1994, Sonja Pinkston was driving on old Mississippi Highway 13 in Morton, Mississippi. A sign erected before the bypass was built cautioned drivers that the road veered to the left. Since completion of the bypass at the intersection of old Highway 13 and new Highway 13 twenty-six years ago, the road now veers right after the driver crests a hill. Near the curve in question, Pinkston's car drifted into oncoming traffic and collided with a tractor trailer killing her, two adult passengers, one minor passenger, *1073 and seriously injuring two other minor passengers. Pinkston sued all parties she felt were responsible for the design and maintenance of the road, but failed to do so within the applicable statute of limitations.
¶ 4. On appeal, Pinkston argues that the circuit court erred by denying her motions for more time in which to file her notice of appeal. She contends that neither she nor her attorney ever received a copy of the court's order in the mail and she was unaware of the order until October 28, 1997. The MDOT maintains that Pinkston's attorney had actual notice of the order less than two days after entry of the order through speaking with the court clerk. They offer as evidence a letter dated September 29, 1997, sent from Pinkston's counsel to counsel for the Scott County Board of Supervisors expressing the following:
It is my understanding that Judge Hilburn has granted the Motions to Dismiss filed by the Mississippi Department of Transportation and by Scott County. I have not received the Order yet, but the clerk informed me of that on Friday when I showed up for the argument on the hearing.
Upon this set of facts, we proceed to this issues at hand.

LEGAL ANALYSIS

I. THE LOWER COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME IN WHICH TO FILE A NOTICE OF APPEAL
¶ 5. Notice of an appeal must be filed with the clerk of the trial court within thirty days of entry of the adverse judgment. M.R.A.P. 4(a). The order appealed from was entered September 24, 1997, but counsel for Pinkston never filed a notice of appeal. Thirty five days later, on October 29, 1997, counsel for Pinkston filed a motion asking for an extension of time in which to file a notice of appeal. Counsel for Pinkston claims that she did not receive a copy of the trial judge's dismissal order in the mail from the court clerk. The court clerk, via affidavit, swore that the copies of the order were mailed to all interested parties. Less than one week after entry of the order by the trial judge, Pinkston's attorney Suzanne Keys admitted in a letter sent to counsel for Scott County Board of Supervisors that she received actual notice from the court clerk that the dismissal order had been signed and entered by the trial judge.
¶ 6. According to the Mississippi Rules of Appellate Procedure, a trial court may, in its discretion extend the time for filing a notice of appeal upon a showing of excusable neglect. M.R.A.P. 4(g). Mere lack of notice of the entry of the clerk does not affect the time of appeal nor does it relieve a party for failure to appeal within the time allowed. M.R.C.P. 77(d). The Mississippi Supreme Court recently addressed this issue in Harlow v. Grandma's House, Inc. when it said that failure of a party to receive notice that a judgment or ruling had been entered is no excuse for a party's failure to timely file a notice of a appeal nor is it considered excusable neglect. Harlow v. Grandma's House, Inc., 730 So.2d 73 (¶ 16) (Miss.1998).
¶ 7. Pinkston's only explanation was that neither she nor her attorney received notice through the mail that a judgment had been entered. This is no excuse. The letter sent to counsel for the Scott County Board of Supervisors by Keys confirms that she had actual knowledge of the order on September 26, 1997. Pinkston's counsel offered this Court nothing close to excusable neglect in the way of an explanation for failing to perform the most perfunctory of duties involved in filing an appeal. Even if excusable neglect had been shown, the rules of procedure do not mandate an extension of time, but rather leave it to the trial court's discretion. Accordingly, there is no reversible error here.

II. THE LOWER COURT ERRED IN DENYING PLAINTIFF'S MOTION *1074 TO REOPEN TIME FOR AN APPEAL.
¶ 8. Pinkston also appeals the lower court's denial of her motion to reopen time for appeal. When trying to reopen the time for an appeal, the party must file within 180 days of entry of judgment or within seven days of notice, whichever is earlier. M.R.A.P. 4(h). Discounting the actual notice evidenced by the aforementioned letter to counsel for the Scott County Board of Supervisors, Pinkston's brief admits she received notice on October 28, 1997. Despite this admission, the record reflects that she did not file her motion until November 24, 1997, twenty days after the time for filing had expired. In Bank of Edwards v. Cassity Auto Sales, Inc., our supreme court stated that Rule 2(a) reflected the long-standing and strictly enforced rule in Mississippi that the failure to file a timely appeal leaves the appellate courts without jurisdiction to consider the case. Bank of Edwards v. Cassity Auto Sales, Inc., 599 So.2d 579, 582 (Miss.1992). As stated in Rule 2(c), this Court may not suspend the rules regarding the time for taking a civil appeal. M.R.A.P. 2(c).
¶ 9. Again, Pinkston failed to adhere to the time limitations imposed by the rules of procedure that govern the practice of law. This Court cannot and will not make exceptions for those who fail to follow the simple guidelines set forth in the rules of procedure. The decision of the trial court is, therefore, affirmed.
¶ 10. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. IRVING, J., NOT PARTICIPATING.