797 So.2d 265 (2001)
Nancy CURRY and J.T. Curry, Appellants
v.
B.C. ROGERS POULTRY, INC., Appellee.
No. 1998-CA-01930-COA.
Court of Appeals of Mississippi.
February 13, 2001.
Charles D. Easley Jr., Columbus, for Appellants.
Betty B. Arinder, Jackson, Ronald C. Morton, Clinton, for Appellee.
Before KING, P.J., THOMAS and MYERS, JJ.
KING, P.J., for the Court:
¶ 1. Rogers Poultry, Inc. ("B.C.Rogers"). Initially, the trial court granted B.C. Rogers' motion for summary judgment dismissing the claims of J.T. Curry, finding that Mr. Curry had failed to establish a viable cause of action against B.C. Rogers. The jury returned a verdict against Mrs. Curry on the remaining issues in the complaint. Subsequent to the jury's verdict for B.C. Rogers, Mr. and Mrs. Curry ("Currys") filed a motion for a judgment notwithstanding the verdict, or in the alternative, a new trial. The court, by order entered June 26, 1998, denied their motion for a judgment notwithstanding the verdict, or in the alternative, a new trial. Aggrieved by the above judgments, the Currys have appealed and assigned the following errors: 1) whether the trial court erred granting the defendant's motion for a summary judgment against J.T. Curry; 2) whether the trial court erred in overruling *266 Nancy Curry's motion for a judgment notwithstanding the verdict, or in the alternative, for new trial; 3) whether the trial court erred in allowing defendant's Exhibit 1 to be introduced; and 4) whether the trial court erred in denying the Currys' petition for an out of time appeal.
¶ 2. Finding no reversible error, this Court affirms.

FACTS
¶ 3. Mr. and Mrs. Curry owned and lived on property adjacent to the property of B.C. Rogers Poultry, Inc. Rogers' actual operating facility, situated behind and adjoining the Currys' house, had operated at this location since 1988.
¶ 4. A dispute arose regarding the boundary lines between the parties wherein the Currys alleged that B.C. Rogers had built a freezer on part of their land encroaching upon at least 31 feet of their property. As a consequence of this dispute, the Currys filed a complaint in the Chancery Court of Scott County, Mississippi, which included claims of encroachment and nuisance. About June 4, 1990, the Currys executed a memorandum of settlement which set out the terms of an agreed case resolution between the parties. This resolution required a $10,000 payment to the Currys and that the parties execute a further agreement to establish the boundary lines between their respective properties, including the location of a fence that bordered the Currys' lot on its north, west and south sides. The memorandum of settlement also included provisions for the mutual release of claims between the parties.
¶ 5. The Currys refused to execute the boundary line agreement and their attorney returned the $10,000 check that had been tendered. Subsequently, an order enforcing the settlement agreement was entered against the Currys on January 30, 1991.
¶ 6. Prior to filing their complaint in the circuit court, the Currys alleged that they were subject to continuous nuisances by B.C. Rogers, which included 1) the emission of an offensive odor, 2) the accumulation of cans and other trash on their property and in a ditch in front of their house by employees of B.C. Rogers, and 3) the installation of bright lights and surveillance cameras. Mrs. Curry contacted a Jackson television station to observe these problems. About July 21, 1994, a TV crew broadcast an interview with Mrs. Curry and Jack Rogers concerning these complaints. As a result of the allegations by Jack Rogers on that broadcast, the Currys brought their complaint for defamation in this action in the Circuit Court of Scott County, Mississippi on July 21, 1995, and B.C. Rogers brought a separate action in the same court. Both actions were consolidated herein.
¶ 7. B.C. Rogers filed a motion for summary judgment on November 10, 1997, asserting that the Currys had no valid claim for defamation; that the Currys' nuisance claims were barred by Mississippi Code Annotated § 95-3-29; or, in the alternative, that no factual basis existed to substantiate the Currys' nuisance claims. On January 21, 1998, B.C. Rogers' motion for summary judgment was sustained against J.T. Curry as to all claims. The court denied the motion for summary judgment as to Nancy Curry. This case was tried on February 16, 1998. A jury returned a verdict in favor of B.C. Rogers. The court granted a directed verdict for the Currys on the claims against them by B.C. Rogers Poultry, Inc. The Currys filed a post trial motion for judgment notwithstanding the verdict and a new trial.
¶ 8. The Currys did not receive notice of the judge's order of June 26, 1998, denying *267 these post-trial motions until September 10, 1998, approximately 77 days later. On October 1, 1998, approximately 22 days later, the Currys filed a petition for an out of time appeal with the trial court, which was denied on December 8, 1998. The Currys then filed a notice of appeal with the Supreme Court of Mississippi on December 30, 1998, requesting relief from the June 26th order denying their motion for judgment notwithstanding the verdict, the January 21, 1998 order granting partial summary judgment to B.C. Rogers and the December 8th order denying their petition for an out of time appeal.

ISSUE AND ANALYSIS

Did the trial court err in denying Appellants' Petition for an Out of Time Appeal.
¶ 9. The Currys argue that their petition for an out of time appeal was denied arbitrarily. The Currys assert that the petition was filed pursuant to Rule 4(h) of the Mississippi Rules of Appellate Procedure because the circuit clerk failed to timely notify their attorney that the Court had entered an order denying their motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial. Rule 4(h) of the M.R.A.P. states that:
The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
¶ 10. While the Currys did not receive notice of the order within twenty-one days of its entry, the rule is clear that they had only seven days from receipt of notice to file a motion to reopen the appeal time. The Currys received actual notice of the order of June 26, 1998, which denied their post-trial motions on September 10, 1998. They had until September 17 to request an out of time appeal. The Currys filed their request on October 1, 1998. The order denying their petition was entered on December 8, 1998.
¶ 11. The requirements of M.R.A.P. 4(h) are obligatory rather than permissive. Pinkston v. Mississippi Department of Transportation, 757 So.2d 1071, 1074 (Miss.App.Ct.2000). Timely notice of appeal is jurisdictional, Bank of Edwards v. Cassity Auto Sales, Inc., 599 So.2d 579, 582 (Miss.1992); where the appellant has not given proper notice this Court lacks jurisdiction to address the appeal. Accordingly, we affirm the action of the trial court.
¶ 12. Our disposition of this issue renders moot the other issues.
¶ 13. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., SOUTHWICK, P.J., PAYNE, BRIDGES, THOMAS, LEE, MYERS and CHANDLER, JJ., concur.
IRVING, J., not participating.