**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2003-CA-00405-SCT**

*PRE-PAID LEGAL SERVICES, INC., HARLAND C.*
*STONECIPHER, BROOKS WERKHEISER, DYRE*
*LAW FIRM, PLLC AND ARNOLD D. DYRE*

*v.*

*CLAUDE ANDERSON, JR.*

| | |
|---|---|
| DATE OF JUDGMENT: | 2/3/2003 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | RICHARD L. JONES |
| | ROBERT L. GIBBS |
| | ANNE CLARKE SANDERS |
| | ANDREA LA'VERNE FORD EDNEY |
| | TESELYN AFRIQUE MELTON |
| | BRIAN CRAIG KIMBALL |
| | JOHN BENTON CLARK |
| | C. MICHAEL ELLINGBURG |
| | ERNEST G.TAYLOR |
| | SHANDA L. LEWIS |
| ATTORNEYS FOR APPELLEE: | J. DOUGLAS MINOR |
| | J. BRAD PIGOTT |
| | BARRY W. GILMER |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 05/20/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     At a hearing before the Circuit Court of Holmes County, the circuit judge announced that she would grant plaintiff's motion for partial summary judgment.  Counsel for plaintiffs submitted a proposed order to the court.  Although the transcript of the hearing reflects that the trial court  made changes to the proposed

order, the record is silent as to whether it was signed during the hearing. The record does indicate, however, that both the order and final judgment were signed and filed with the Holmes County Circuit Clerk on that same day. The records in the clerk's office further reflect that the order and corresponding documents were sent to the parties.

¶2.     Two months later, in a similar case filed in Bolivar County, counsel for defendants received from plaintiff's counsel a copy of a motion which attached as exhibits both the order and judgment which had apparently been entered on the date of the hearing in the case sub judice. Five days later, claiming they had never received the signed order or judgment, counsel for defendants filed a motion pursuant to M.R.A.P. 4(h), requesting additional time to file an appeal of the partial summary judgment. Attached to the motion were affidavits from the two individuals who were responsible for receiving documents in this matter for each of the respective law firms representing the defendants. The affiants claim they did not receive notice of the order or judgment from the Circuit Clerk of Holmes County.

¶3.     At the hearing on the motion, defendants presented the affidavits, and represented to the trial court that they had not received notice of entry of the order and judgment. Upon learning that the records in the office of the Circuit Clerk reflected that notice had been sent to the parties, the circuit judge stated: "Okay. This Court has to go by the records of the clerk's office, and those records indicate that it was served on the parties." She then denied the defendants' Rule 4(h) motion for additional time to appeal.

## Discussion

¶4.     The decision of whether to grant a motion pursuant to M.R.A.P. 4(h) is discretionary. M.R.A.P. 4(h) cmt. Therefore, we review the decision of the trial court for an abuse of discretion. *See **Horowitz***

*v. Parker*, 852 So.2d 686, 689 (Miss. Ct. App. 2003); *Pinkston v. Miss. Dep't of Transp.*, 757 So.2d 1071, 1073 (Miss. Ct. App. 2000).

¶5.     Mississippi Rule of Appellate Procedure 4(h) reads as follows:

> The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced,[1] may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

¶6.     The comment to Rule 4(h) states, inter alia:

> While the party seeking relief under Rule 4(h) bears the burden of persuading the trial court of lack of timely notice, a specific factual denial of receipt of notice rebuts and terminates the presumption that mailed notice was received.

M.R.A.P. 4(h) cmt. (citations omitted).

¶7.     Counsel for defendants specifically denied receiving notice of entry of the order and judgment. Additionally, they presented two affidavits specifically denying receipt by their respective law firms of notice of the entry of the judgment and order. Therefore, the presumption that notice was received, based on the notation in the clerk's records, was both rebutted and terminated. However, it appears from her statement, "This Court has to go by the records of the clerk's office," that the trial judge was of the opinion that the presumption created by the clerk's records was irrebuttable. This erroneous application of Rule 4(h) was clear error and an abuse of discretion.

¶8.     The fact that defendants' counsel were present when the ruling was announced and the order signed is of no moment. The rules clearly and unequivocally call for the clerk to provide notice of the *entry*

---

[1]The plaintiff did not allege or offer any proof that granting defendants' motion would result in prejudice.

of judgment.[2] However, the rules also note that a party can insure the running of the clock by mailing notice of the entry of judgment themselves.[3] The announcement of the court's decision does not start the clock for the filing of an appeal. That time starts running from the *entry* of judgment into the clerk's records, and it is notice of the entry of judgment that must be given to the party.

## Conclusion

¶9.     Because defendants provided a specific factual denial of the receipt of notice, the presumption of the receipt of notice was rebutted and destroyed. Therefore, the trial judge abused her discretion in relying on this presumption in denying defendants' Rule 4(h) motion. The trial court's order denying defendants' M.R.A.P. 4(h) motion is reversed, and

this case remanded to the trial court with instructions to reopen the time for the defendants to file their appeal as provided in M.R.A.P. 4(h).

¶10.   **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., AND CARLSON, J., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, GRAVES AND RANDOLPH, JJ., NOT PARTICIPATING.**

---

[2] *See* M.R.C.P.77(d) & cmt.

[3] *See* M.R.A.P.4 & cmt.