908 So.2d 875 (2005)
Annie Pearl RICE; J.B. Brown; Minnie Hopkins; Deasia Hill, Who Sues by and Through Her Mother and Next Friend, Cassandra Hill; Willie Brown; Brenda Roby; Bobbie Jean Roby; Antonio Roby, Who Sues by and Through His Next Friend, Bobbie Jean Roby; Molly Foote; Julia M. Foote; Ruthie Cockrell; and Marvin Cockrell, Appellants/Cross-Appellees,
v.
PERMA CORPORATION, Appellee/Cross-Appellant.
No. 2003-CA-02303-COA.
Court of Appeals of Mississippi.
August 9, 2005.
*876 Shirley C. Byers, Jackson, attorney for appellant.
Ronald L. Roberts, John D. Brady, Columbus, attorneys for appellee.
Before BRIDGES, P.J., CHANDLER and ISHEE, JJ.
BRIDGES, P.J., for the Court.
¶ 1. On May 2, 2000, several individuals filed a complaint against Perma Corporation in the Circuit Court of Noxubee County asserting various claims of negligence and breach of contract for illnesses suffered following their consumption of allegedly contaminated water. Perma Corp. filed a motion for summary judgment, and a hearing on that motion was scheduled for July 9, 2003. On July 8, the day before said hearing, the plaintiffs filed their response to Perma Corp.'s summary judgment motion, providing therewith the purported expert affidavit of Dr. Debra Gabriel. The plaintiffs had not previously designated Dr. Gabriel as an expert witness, so they also submitted a supplemental designation of experts. Perma Corp. subsequently filed motions requesting that the court strike the plaintiffs' response to their summary judgment motion as well as the plaintiffs' supplemental designation of experts and the affidavit of Dr. Gabriel.
¶ 2. On July 30, 2003, the lower court granted Perma Corp.'s motions to strike and entered a final judgment of dismissal with prejudice in favor of Perma Corp. The plaintiffs did not receive notice thereof until September 8, so on September 19, they filed a motion to reopen the time for appeal. The court granted the plaintiffs' motion, and they have appealed to this Court raising two issues:
*877 I. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN GRANTING PERMA CORP.'S MOTION FOR SUMMARY JUDGMENT?
II. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN GRANTING PERMA CORP.'S MOTIONS TO STRIKE THE PLAINTIFFS' SUPPLEMENTAL DESIGNATION OF EXPERTS AND EXPERT WITNESS AFFIDAVIT?
¶ 3. Aggrieved by the decision of the lower court to grant the plaintiffs' motion to reopen the time for appeal, Perma Corp. filed a cross-appeal, raising therein the following issue:
III. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN REOPENING THE TIME IN WHICH THE PLAINTIFFS COULD FILE A NOTICE OF APPEAL?
¶ 4. Finding Perma Corp.'s cross-appeal well-founded, we conclude that this Court lacks jurisdiction to consider the issues advanced herein by the plaintiffs.

FACTS AND PROCEDURAL HISTORY
¶ 5. In April of 1999, the City of Macon, Mississippi, contracted with Perma Corp. to install a sewer line extension to the Cedar Creek community east of the city. Cedar Creek was supplied water by way of numerous two-inch plastic pipes, and one these pipes was inadvertently damaged by a Perma Corp. employee while digging the new sewer line. The pipe was subsequently repaired, and the city's water supply was tested for contamination. During said testing, the city issued a boil water notice, which was published in the local newspaper, broadcast on the radio, and hand delivered to those living in the Cedar Creek community. The test results, however, confirmed that the water supply was free of any and all contaminants.
¶ 6. Several members of the Cedar Creek community, specifically Annie Pearl Rice, J.B. Brown, Minnie Hopkins, Deasia Hill, by and through her mother and next of friend, Cassandra Hill, Willie Brown, Brenda Roby, Bobbie Jean Robie, Antonio Roby, by and through his next of friend, Bobbie Jean Roby, Molly Foote, Julia M. Foote, Ruthie Cockrell, and Marvin Cockrell (hereinafter collectively referred to as "claimants"), filed a complaint in the Circuit Court of Noxubee County alleging that Perma Corp. caused contaminants to enter the public water system for the City of Macon, which served the Cedar Creek community, and upon consuming said contaminated water, the claimants suffered injuries producing damages. The claimants asserted in their complaint eight separate claims, specifically being negligence, negligent supervision, negligent failure to warn, wantonness, wanton/reckless supervision, wanton failure to warn, breach of contract and intent; however, we observe that the substantive allegations advanced therein, as to each of said claims, only support theories of either negligence or breach of contract. In general, the claimants averred that Perma Corp.'s actions were negligent and intentional, thereby entitling them to compensatory and punitive damages. The claimants also averred that they were third party beneficiaries to the contract between the City of Macon and Perma Corp., and that Perma Corp. breached said contract by allowing the contamination to occur.
¶ 7. Perma Corp. answered the complaint denying each claim advanced therein and, with said answer, propounded interrogatories and requests for production. Perma Corp. found several of the claimants' responses to be inadequate, particularly those concerning experts and their identification of contaminants that produced the claimants' purported damages. *878 As a result, Perma Corp. filed a motion to compel, and after a hearing on the motion, the court ordered the claimants to supplement their responses. The claimants, however, failed to provide Perma Corp. with supplemented responses within the period ordered by the court.
¶ 8. On July 31, 2002, the parties entered an agreed scheduling order stipulating that the claimants would designate their experts with all appropriate M.R.C.P. 26(b)(4) information by November 30, 2002, but the parties later agreed to extend that deadline to January 31, 2003. Within that time, the claimants submitted, inter alia, a listing of fourteen medical doctors to be designated as experts.
¶ 9. Following the expiration of the agreed deadline for discovery requests and responses, Perma Corp. filed a motion for summary judgment, and a hearing on that motion was set for a July 9, 2003. On July 8, the day before the hearing, the claimants filed their response to the summary judgment motion, in which they included the purported expert affidavit of Dr. Debra Gabriel. Dr. Gabriel, however, was not among the fourteen medical doctors previously listed by the claimants for expert designation, so in conjunction with their response to summary judgment, the claimants filed a supplemental list naming Dr. Gabriel as a witness to be designation as an expert. After the July 9 hearing, Perma Corp. filed motions requesting that the court strike the claimants' response to the motion for summary judgment and that it strike the claimants' supplemental designation of experts and affidavit of Dr. Gabriel.
¶ 10. The court subsequently contacted Perma Corp. and requested that it draft and then return to the court a proposed order, so Perma Corp. did just that but did not send a copy thereof to the claimants. The lower court then entered final judgment on July 30, 2003, in which it granted each of Perma Corp.'s motions and additionally stated that summary judgment was proper "with or without the response, supplemental expert designation and affidavit of Dr. Gabriel. . . ." The claimants, however, did not receive notice of the judgment until September 8, so on September 19, they filed with the court a motion to reopen the time for appeal. Perma Corp. opposed the request, but the court, nonetheless, granted the motion.

LAW AND ANALYSIS
¶ 11. The lower court relied on Rule 4(h) of the Mississippi Rules of Appellate Procedure in granting the claimants' request to reopen the time for appeal. However, in reviewing the rule, we find it to declare that "[r]eopening may be ordered only upon a motion filed within 180 days of the entry of a judgment or order or within 7 days of receipt of notice of such entry, whichever is earlier." M.R.A.P. 4(h) cmt. (emphasis added). The lower court entered summary judgment on July 30, 2003, and the parties concerned herein do not dispute that the claimants did not receive notice thereof until September 8, some forty days later. By receiving the notice more than twenty-one days after the entry of the judgment, the claimants were required to proceed under M.R.A.P. 4(h), which allowed them only seven days, or until September 15, to file their notice of appeal. The record reveals, however, that they filed their notice on September 19, eleven days after receiving notification of summary judgment.
¶ 12. The limitations specified in M.R.A.P. 4(h) are obligatory, not permissive, so nondiscretionary application by the courts is mandatory. Curry v. B.C. Rogers Poultry, Inc., 797 So.2d 265, 267(11) (Miss.Ct.App.2001). The lower court erred in permitting this appeal because the claimants unequivocally failed to file the *879 notice thereof within the requisite seven days. According to Mississippi's long-standing law, timely notice of appeal is jurisdictional, so by failing to comply therewith, this Court lacks the jurisdiction to consider the claimants' appeal. Id.; see also Bank of Edwards v. Cassity Auto Sales, Inc., 599 So.2d 579, 582 (Miss.1992); Pinkston v. Miss. Dep't of Transp., 757 So.2d 1071, 1074(¶ 8) (Miss.Ct.App.2000). Accordingly, we affirm the lower court's order of summary dismissal and reverse and render the court's decision to allow this appeal.
¶ 13. Based on our disposition as to this issue, all others issues raised herein are rendered moot.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF NOXUBEE COUNTY IS AFFIRMED AND THIS APPEAL DISMISSED FOR LACK OF JURISDICTION ON THE CROSS-APPEAL. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE, P.J., MYERS, CHANDLER, GRIFFIS AND ISHEE, J., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. BARNES, J., NOT PARTICIPATING.