# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-CP-00528-SCT

*MATTHEW WADE GILMER*

*v.*

*MICHELE BIEGEL, BETTIE RUTH JOHNSON,*
*LAW OFFICE OF BETTIE RUTH JOHNSON,*
*PLLC, DREW McLEMORE MARTIN, CHARLES*
*McRAE AND McRAE LAW FIRM, PLLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/04/2022 |
| TRIAL JUDGE: | HON. JESS H. DICKINSON |
| TRIAL COURT ATTORNEYS: | BARRY W. GILMER |
| | MATTHEW WADE GILMER |
| | MICHELE DAWN BIEGEL |
| | ROBERT G. GERMANY |
| | CHUCK McRAE |
| | SETH CLAYTON LITTLE |
| | DREW McLEMORE MARTIN |
| | W. BRADY KELLEMS |
| | THOMAS M. MATTHEWS, III |
| | ALAN M. PURDIE |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MATTHEW WADE GILMER |
| ATTORNEYS FOR APPELLEES: | W. BRADY KELLEMS |
| | ROBERT G. GERMANY |
| | DREW McLEMORE MARTIN |
| | CHUCK McRAE |
| | MICHELE DAWN BIEGEL |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 09/14/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., MAXWELL AND GRIFFIS, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     Mississippi Rule of Appellate Procedure 4(a) is clear—the required notice of appeal "shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from."  But here, Matthew Wade Gilmer filed his notice of appeal thirty-one days after entry of the judgment he appealed.  Because our law requires we strictly enforce appeals deadlines, this Court dismissed his appeal.[1]  This present action is an attempt to get around this Court's mandate and resurrect a dismissed appeal.

¶2.     While the motion to dismiss Gilmer's untimely appeal was pending before this Court, Gilmer returned to the trial court and moved for an extension under Mississippi Rule of Appellate Procedure 4(g).  Gilmer cited contracting COVID-19 and his original notice of appeal getting lost in the mail as reasons for his untimely notice of appeal.  Gilmer asked the trial court to accept his day-late notice of appeal as timely filed due to excusable neglect.

¶3.     But Gilmer did not move for this extension within the time period permitted by Rule 4(g).  Rule 4(g) is equally hard edged—"[t]he trial court may extend the time for filing a notice of appeal upon motion filed *not later than 30 days* after the expiration of the time otherwise prescribed by this rule."  (Emphasis added.)  The appellate snag this Court faces is the fact that Gilmer did not file his motion for an extension until fifty days after the

---

[1]  Order, **Gilmer v. Biegel**, No. 2022-TS-00037 (Miss. May 9, 2022).  *See* Miss. R. App. P. 2(a)(1) ("An appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rule 4 or 5."); **Bank of Edwards v. Cassity Auto Sales, Inc.**, 599 So. 2d 579, 582 (Miss. 1992) ("Rule 2(a) reflects the long-standing"—and strictly enforced—"rule in this state that the failure to file a timely appeal leaves this Court without jurisdiction to consider the case." (citing **Schmitt v. Ware (In re Est. of Ware)**, 573 So. 2d 773, 774 (Miss. 1990); **Kennedy v. Gervais**, 345 So. 2d 1039, 1039 (Miss. 1977))).

prescribed time to appeal had already expired. At that point, the trial court had no authority to grant Gilmer his requested relief. So the trial judge denied Gilmer's motion on that basis. Because the relief Gilmer requested was outside trial court's authority to grant, we affirm the order denying an extension.

**Background Facts & Procedural History**

¶4. The underlying facts are not relevant to this appeal. What is relevant to our review is the fact that Gilmer's suit against Chuck McRae, the McRae Law Firm, Michele Biegel, Bettie Ruth Johnson, the Law Office of Bettie Ruth Johnson PLLC, and Drew Martin was dismissed by the trial judge. The final dismissal judgment was entered by Special Judge Jess Dickinson on December 11, 2021. And thirty-one days later, on January 11, 2022, Gilmer filed his notice of appeal of that judgment.

¶5. On February 21, 2022, Biegel and Johnson filed with this Court a motion to dismiss Gilmer's appeal as untimely filed and thus insufficient to invoke this Court's appellate jurisdiction. A week later, on March 1, 2022, Gilmer filed with this Court a Motion to Remand. In that motion, Gilmer asserted the appellees had waived their claim that Gilmer's untimely notice of appeal deprived this Court of appellate jurisdiction. But the issue of this Court's lack of appellate jurisdiction cannot be waived. *Bd. of Supervisors for Lowndes Cnty. v. Lowndes Cnty. Sch. Dist. ex rel. Lowndes Cnty. Sch. Bd.*, 367 So. 3d 167, 173 (Miss. 2023). In his March 1, 2022 motion, Gilmer also made an alternative "suggest[ion]

3

that this matter should be remanded to the trial court for further proceedings as to excusable neglect."

¶6.     That same day, March 1, 2022, Gilmer filed a motion in the trial court. In that motion, Gilmer asked the trial judge to deem his notice of appeal timely filed. Alternatively, invoking Rule 4(g), Gilmer moved for an extension of time to file his notice of appeal. In that motion, Gilmer conveyed that he had contracted COVID-19 during the thirty-day window to appeal the court's December 11, 2021 judgment. Despite his illness, Gilmer asserted that he had in fact drafted a notice of appeal and had his legal assistant place it in the mail on January 4, 2022. Gilmer says he called the clerk of the trial court on January 11, 2022, and inquired why his notice of appeal had not yet been filed. According to Gilmer, "[t]he Clerk claimed she had not received the Notice Of Appeal and instructed [Gilmer] to email it to her immediately," which Gilmer did. But "[d]ue to COVID, continuing brain fog, and [Gilmer's] assistant," Gilmer maintains the emailed notice of appeal "was electronically signed and dated as served on January 11, 2022 as opposed to the original USPS mailed Notice Of Appeal which was dated January 4, 2022."

¶7.     Initially, Special Judge Jess Dickinson indicated by email that he would grant Gilmer's motion ex parte and requested Gilmer draft an order for him to sign. But Biegel and Johnson—joined by McRae—opposed the motion because, like Gilmer's notice of appeal, it was also filed too late.

4

¶8. No order was ever signed or entered. So on April 25, 2022, Gilmer filed a second motion. In this motion, Gilmer insisted his prior motion had already been "granted by email." Gilmer requested the trial court "enter an order reflecting its present ruling" on his motion to accept his notice of appeal as timely filed. Alternatively, Gilmer requested the trial court "rule upon the pleadings." Biegel and Johnson opposed this motion too—pointing out that the trial court lacked authority under Rule 4(g) to grant an appeal extension after sixty days had passed since the judgment became final. They also argued Gilmer could not show excusable neglect because during the same time he claimed he was too ill to file a timely notice of appeal, he filed multiple documents in other courts in related litigation against Biegel, Johnson, and McRae.

¶9. On May 4, 2022, the trial court denied Gilmer's motion for entry of an order. The court admitted it had "initially determined to grant the motion" to accept Gilmer's appeal as timely filed and requested Gilmer draft an order to that effect. But, based on Biegel, Johnson, and McRae's objection, the trial judge requested briefing on the issue. And after further consideration, the court concluded Gilmer's March 1, 2022 motion had been filed outside the sixty-day window post-judgment in which an extension to file a notice of appeal may be granted. Thus, the trial court found it had "no authority to grant [Gilmer's] motion."

¶10. The following week, on May 9, 2022, this Court granted the motion to dismiss Gilmer's appeal. Order, ***Gilmer v. Biegel***, No. 2022-TS-00037 (Miss. May 9, 2022).

¶11.    On June 2, 2022, Gilmer filed another notice of appeal—this time appealing the order denying his motion for an entry of an order accepting his now-dismissed appeal as timely filed.

**Discussion**

### I.    The trial court had no authority to grant Gilmer the relief he sought.

¶12.    In his various appellate arguments, Gilmer focuses on why he filed his notice of appeal late. Gilmer points to his severe bout with COVID-19 in the weeks following the trial court's final judgment and his attempt to mail his notice of appeal on January 4, 2022.[2] Because he presented evidence to support both circumstances, Gilmer argues the trial court should have accepted his notice of appeal as timely filed—especially in light of this Court's COVID-19 emergency orders authorizing trial courts to exercise sound discretion in extending deadlines.[3]

---

[2] Gilmer even suggests that his suffering from COVID-19 rendered him legally disabled and thus tolled the time to file his appeal under Rule 4(f). *See* Miss. Rule App. P. 4(f) (tolling Rule 4's time limits for "parties under a disability of infancy or unsoundness of mind" until the disability is removed). But this issue is waived. In his trial court motion to accept his notice of appeal as timely filed, Gilmer did attribute his tardy notice of appeal in part to COVID-19. But he made no claim in his trial court motion that he was legally disabled or that the time to appeal had been tolled under Rule 4(f). Instead, he raises this Rule 4(f) tolling claim for the first time on appeal. And this Court has been clear that it "will not consider issues raised for the first time on appeal." **Anderson v. LaVere**, 136 So. 3d 404, 410 (Miss. 2014).

[3] *See, e.g.*, Emergency Administrative Order, **In re: Emergency Order Related to Coronavirus (COVID-19)**, No. 2020-AD-00001-SCT (Miss. Mar. 13, 2020).

¶13. But this Court cannot get around the timing and clear-cut deadlines at hand. The unavoidable reality is that, by the time Gilmer presented to the trial court his claims about COVID-19 and the failed attempt to mail his notice of appeal before the deadline, any discretionary authority the trial court may have had to extend the deadline and accept his notice of appeal as timely filed had already ceased.

¶14. According to Gilmer, he first contracted COVID-19 in late December 2021. At this point, Gilmer could have asked for an extension of time to file his appeal under Rule 4(g). Because Rule 4(a)'s thirty-day time period had not yet run, Gilmer merely had to show good cause for the extension and could have received such extension ex parte. Miss. R. App. P. 4(g) ("Any such motion which is filed before the expiration of the prescribed time may be granted for good cause and may be ex parte unless the court otherwise requires."). But he did not do this. Instead, he attempted to file his notice of appeal within thirty days of the final judgment by having his assistant mail the notice of appeal on January 4, 2022.

¶15. When Gilmer learned on January 11, 2022, that his mailed notice of appeal had not been received and filed, Gilmer had another avenue of relief. He could have moved for a one-day extension that very day—or any of the remaining twenty-nine days during Rule 4(g)'s thirty-day extension period. At that point, he would have had to show excusable neglect—something he strongly asserts he could have done. Miss. R. App. P. 4(g) ("Notice of any such motion which is filed after expiration of the prescribed time shall be given to the

other parties, and the motion shall be granted only upon a showing of excusable neglect."). But he did not avail himself of this provision either.

¶16.    Instead, upon learning his mailed notice of appeal had not been timely received and filed, Gilmer simply emailed his notice of appeal on January 11, 2022, outside the time to appeal.  Gilmer then proceeded with his appeal as if it had been timely filed.  In other words, rather than seeking relief from this predicament at a time the trial court had authority to grant such relief, Gilmer filed his notice of appeal outside the prescribed time—something our rules prohibit.

¶17.    It was only *after* Biegel and Johnson asked this Court to dismiss the notice of appeal as untimely that Gilmer first brought to the trial court's attention the fact he had filed his appeal late and his excuse as to why.   But by this point, our law says it was too late.  Rule 4(g) is very clear—"[t]he trial court may extend the time for filing a notice of appeal upon motion filed *not later than 30 days* after the expiration of the of the time otherwise prescribed by this rule."  (Emphasis added.)  Rule 4(a) prescribed Gilmer's notice of appeal be filed by January 10, 2022.  Thirty days after that was February 9, 2022.  But Gilmer did not file his motion until March 1, 2022.  By this point, the trial court lacked any discretionary authority to grant his motion.  So the trial court did not err by denying Gilmer's motion to enter an order accepting his notice of appeal as timely filed.

¶18.    For the same reason, the trial court did not err by, as Gilmer asserts, "granting Gilmer's motion then reversing its ruling."  Contrary to Gilmer's contention, the trial court

8

never granted his motion to accept his appeal as timely filed. Admittedly, the trial judge indicated via email that he would grant the motion and requested a draft order to sign. But the trial judge never signed or entered such an order. Rather, after affording the other parties the opportunity to be heard, as Rule 4(g) required, the trial court denied Gilmer's motion as being outside Rule 4(g)'s time period. Because this was the only available ruling under Rule 4(g), the trial court did not abuse its discretion by not entering a contrary order.

## II. This Court cannot grant Gilmer the relief he seeks.

¶19. Alternatively, Gilmer asks this Court to suspend its rules and declare his one-day-late notice of appeal timely based on the circumstances. But such relief is not available.

¶20. First, in civil cases, this Court may not suspend the mandatory and jurisdictional requirement that the notice of appeal must be filed within thirty days. Miss. R. App. P. 2(c); *In re Est. of Ware*, 573 So. 2d at 774.

¶21. Second, this Court has already dismissed Gilmer's January 11, 2021 notice of appeal as untimely. Order, *Gilmer v. Biegel*, No. 2022-TS-00037 (Miss. May 9, 2022). Gilmer did not seek reconsideration of that order based on any of the claims he now presents. *See* Miss. R. App. P. 27(h)(1) (permitting motions for reconsideration "as to . . . non-voluntary dismissal of pending appeals under rule 2(a)"). In fact, Gilmer acknowledged and *relied on* this Court's lack of appellate jurisdiction due to his untimely notice of appeal when he opposed Biegel and Johnson's post-dismissal motion for attorney's fees and sanctions. After

that motion was denied, this Court's dismissal of Gilmer's untimely appeal mandated on June 23, 2022. And Gilmer cannot use this second appeal as a way to avoid that mandate.

¶22. Therefore, we must affirm the trial court's order denying Gilmer's motion to accept his untimely notice of appeal.

¶23. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**