LEE, P.J.,
 

 for the Court.
 

 FACTS AND PROCEDURAL HISTORY
 
 [1]
 

 ¶ 1. Melissa Winter filed a petition to controvert against Wal-Mart and American Home Assurance Company (collectively referred to as Wal-Mart), claiming that she sustained a work-related injury on February 25, 2002. Wal-Mart answered and admitted that the injury was compen-sable, but Wal-Mart disputed the nature and extent of the disability being claimed by Winter.
 

 ¶ 2. On November 10, 2003, the administrative law judge (ALJ) entered an order dismissing Winter’s claim for failure to file a completed prehearing statement. The order stated that Winter could file a motion to reinstate the claim, but the motion must be accompanied by a properly completed prehearing statement. Winter failed to seek review or reconsideration within twenty days, so the order became final on November 30, 2003.
 

 ¶ 3. On October 26, 2004, Winter filed a motion to reopen and reinstate her claim with the Mississippi Workers’ Compensation Commission. Winter again filed a prehearing statement, which was deemed incomplete. On December 8, 2004, Winter filed an amended motion to reopen and reinstate her claim on the docket, explaining that her original attorney had passed away and that she had difficulties with subsequent counsel. A hearing was held on March 9, 2005, before the ALJ, who found that Winter had failed to demonstrate a change in conditions or a mistake
 
 *1088
 
 in a determination of fact as required by Mississippi Code Annotated section 71-3-53 (Rev.2000), which would necessitate reinstatement of the case on the docket. The ALJ also noted that Winter had still failed to file a completed prehearing statement. The Commission affirmed the order of the ALJ. Winter next appealed to the Circuit Court of Union County, which affirmed the decision of the Commission.
 

 ¶ 4. The trial court’s order was entered on August 21, 2007, and Winter filed her notice of appeal on October 2, 2007, beyond the thirty-day time limitation to file after the date of entry of the judgment or order that was appealed from. M.R.A.P. 4(a). Wal-Mart filed an objection to Winter’s untimely filed notice of appeal and requested a dismissal of the notice of appeal. Winter admitted that the notice was filed untimely and filed a motion to reopen the time for appeal. The trial court granted the motion to reopen the time for appeal. Winter appeals the denial by the Commission of her motion to reinstate her claim for a full hearing on the merits. Wal-Mart appeals the order granting the reopening of the time for appeal to this Court. These two appeals have been consolidated by this Court for review.
 

 DISCUSSION
 

 I. MOTION TO REOPEN THE TIME FOR APPEAL
 

 ¶ 5. Before we discuss Winter’s appeal of the denial of her motion to reopen and reinstate her claim with the Commission, we must address Wal-Mart’s appeal of the trial court’s decision to reopen the time for Winter to file her notice of appeal.
 

 ¶ 6. Mississippi Rule of Appellate Procedure 4(a) states that “the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from.” Rule 4(h) provides a limited opportunity for the reopening of the time to file a notice of appeal when the notice of entry of a judgment, which is required to be mailed by the clerk of the trial court, is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal. M.R.A.P. 4(h) cmt. We review the decision of the trial court to grant or deny a motion pursuant to Rule 4(h) for abuse of discretion.
 
 Pre-Paid Legal Servs., Inc. v. Anderson,
 
 873 So.2d 1008, 1009(¶ 4) (Miss.2004). Rule 4(h) states:
 

 The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
 

 ¶ 7. The order affirming the Commission’s dismissal of Winter’s claim for failure to file a completed prehearing statement was entered on August 21, 2007. On October 1, 2007, upon learning that the order had been entered, Winter mailed her notice of appeal. The notice of appeal was received and filed on October 2, 2007. Wal-Mart filed a motion to dismiss the notice of appeal as untimely filed. On October 8, 2007, Winter then filed a motion to reopen the time for appeal. Winter responded that she never received notice from the clerk that the judgment had been entered. Winter’s counsel stated by affidavit that no notice of the entry of the order was received by Winter. The trial court extended the time to appeal through
 
 *1089
 
 October 2, 2007, the date that the notice of appeal was filed.
 

 ¶ 8. Wal-Mart argues that Winter did not meet her burden under Rule 4(h) because she did not dispute that she received a copy of a letter from the trial court to the Union County Circuit Court clerk dated August 24, 2007, requesting that the order be filed. Wal-Mart argues that because Winter failed to follow up on this letter, she cannot show excusable neglect.
 

 ¶ 9. Winter did not receive notice within twenty-one days of the entry of the judgment, and Wal-Mart does not allege that it was prejudiced in any way by the reopening of the time for appeal.
 
 See
 
 M.R.A.P. 4(h). Winter filed her motion to reopen the time for appeal within seven days of receiving notice of the entry of judgment. Therefore, we find that the trial court did not abuse its discretion by reopening the time for appeal. Winter had no need to show excusable neglect. Therefore, we find that this issue is without merit, and the trial court’s decision to reopen the time for appeal is affirmed.
 

 II. DISMISSAL FOR FAILURE TO FILE A COMPLETED PRE-HEARING STATEMENT
 

 ¶ 10. Winter argues that the Commission erred in dismissing her case for the failure to file a completed prehearing statement. Winter argues that it was impossible for her to file a completed pre-hearing statement at all relevant times because Wal-Mart continued to pay for her medical treatment during the pen-dency of this matter.
 

 ¶ 11. The decision of the Commission will be reversed only if it is not supported by substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law.
 
 Weatherspoon v. Croft Metals, Inc.,
 
 853 So.2d 776, 778(¶ 6) (Miss.2003) (citing
 
 Smith v. Jackson Constr. Co.,
 
 607 So.2d 1119, 1124 (Miss.1992)). We will exercise de novo review on matters of law, “but the interpretation of the Commission of the Workers Compensation Law is to be accorded great weight and deference.”
 
 KLLM, Inc. v. Fowler,
 
 589 So.2d 670, 675 (Miss.1991).
 

 ¶ 12. Mississippi Workers’ Compensation Commission Procedural Rule 5 states that the “[fjailure of the claimant to timely file the prehearing statement may result in the dismissal of the case or other sanctions.” Therefore, it was within the Commission’s discretion to dismiss Winter’s claim. Winter next argues that trial court erred in denying her motion to reopen and reinstate the case for placement on the docket pursuant to Mississippi Code Annotated section 71-3-53. Section 71-3-53 states in part:
 

 Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued ... review a compensation case....
 

 ¶ 13. Winter argues that there was a mistake in a determination of fact because Wal-Mart continued to pay for her medical treatment until after the November 10, 2003, order of dismissal. Wal-Mart paid for Winter’s medical bills until February 2005, when it notified her doctor that it would no longer pay. It also paid for her prescriptions at the Wal-Mart Pharmacy until August 2004. Winter argues that because Wal-Mart continued to pay for her treatment, a prehearing statement was premature at the time of the dismissal. We cannot find that Winter’s argument states any kind of mistake in fact or misrepresentation made to her by Wal-Mart.
 
 *1090
 
 Winter failed to include in her prehearing statement that Wal-Mart was paying for her medical treatments and prescriptions. Therefore, she cannot now claim that this was a mistake in a determination of fact which would warrant the reinstatement of her case.
 

 ¶ 14. In addition to the argument stated above, Winter makes several other arguments that we find were not properly preserved for appeal. Winter argues that Wal-Mart should have been estopped from filing a motion for dismissal because Wal-Mart was not diligent in filing its Form B-31 statement, detailing its payment of benefits to Winter. Winter also argues that Wal-Mart made certain misrepresentations to her upon which she relied. Since this is the first time Winter has made these arguments, they have not been properly preserved for appeal, and we will not address these issues.
 
 Alexander v. Daniel,
 
 904 So.2d 172, 183(¶ 26) (Miss.2005).
 

 ¶ 15. THE JUDGMENT OF THE UNION COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE DIVIDED EQUALLY BETWEEN THE APPELLANT AND THE APPELLEES.
 

 KING, C.J., MYERS, P.J, IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . The appeal filed by Winter was assigned the cause number 2007-WC-01717-COA. An appeal was also filed by Wal-Mart and American Home Assurance Company, which was consolidated with Winter’s appeal. Wal-Mart and American Home Assurance Company’s appeal was inadvertently filed twice and assigned two cause numbers: 2008-WC-00391-COA and 2008-WC-00392-COA. Therefore, the style of this opinion reflects two causes of action filed by Wal-Mart; however, the two causes of action filed by Wal-Mart are identical. We will refer to Winter as the appellant and Wal-Mart as the appellee on appeal since Winter was the first to file her appeal.