GRIFFIS, J.,
for the Court:
¶ 1. Mold Pro, Inc. appeals the judgment of the Circuit Court of Madison County denying its request for an out-of-time appeal. We find that Mold Pro’s request for an out-of-time appeal was not timely filed. Accordingly, the judgment of the circuit court is affirmed.
FACTS
¶ 2. Peggy Alford applied for workers’ compensation benefits following a back injury she sustained during her employment at Mold Pro. Mold Pro denied that the injury had occurred, and a hearing was held before the administrative judge. The administrative judge found that Alford met her burden of proof that she was injured during the course and scope of her em *1261 ployment, and Alford was awarded workers’ compensation benefits.
¶ 3. Mold Pro requested a review by the Mississippi Worker’s Compensation Commission. The Commission upheld the administrative judge’s award. Mold Pro then appealed the decision of the Commission to the Circuit Court of Madison County. On May 5, 2009, the circuit court found that the Commission’s decision was supported by substantial evidence and affirmed the award of benefits.
¶4. Neither Mold Pro nor its attorney received notice of the May 5, 2009, order from the circuit clerk. The record shows that the order was mailed to the Commission and Alford’s attorney but not Mold Pro. On June 19, 2009, Mold Pro’s attorney received a faxed letter from Alford’s attorney. The letter stated: “As you know, we have received an Order from the Circuit Court of Madison County, dated May 5, 2009. I also noted that the Employer/Carrier never appealed said Order.”
¶ 5. Counsel for Mold Pro claims that this letter was his first notice of the circuit court’s order. On July 17, 2009, Mold Pro filed a motion to reopen the time for appeal. At the hearing on the motion,[1] Circuit Judge Samac Richardson decided to assign the case to Circuit Judge William E. Chapman III. Mold Pro asserts that this assignment was the result of a conflict on the part of Judge Richardson, but that assertion is unsupported by the record.
¶ 6. Judge Chapman denied Mold Pro’s request to reopen the time for appeal. He further dismissed the case with prejudice because Mold Pro had failed to appeal timely the decision of the circuit court.
STANDARD OF REVIEW
¶ 7. We review the circuit court’s decision to grant or deny a motion to reopen the time for an appeal under Rule 4(h) of the Mississippi Rules of Appellate Procedure for an abuse of discretion. Winter v. Wal-Mart Supercenter, 26 So.3d 1086, 1088 (¶ 6) (Miss.Ct.App.2009) (citing Prepaid Legal Servs., Inc. v. Anderson, 873 So.2d 1008, 1009 (¶4) (Miss.2004)).
ANALYSIS
¶8. Rule 77(d) of the Mississippi Rules of Civil Procedure requires the clerk to provide each party with notice of the judgment entered by the court, stating:
Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the service. Any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal, nor relieve, nor authorize the court to relieve, a party for failure to appeal within the time allowed, except as permitted by the Mississippi Rules of Appellate Procedure.
As the rule states, the lack of notice from the clerk does not affect the time for appeal. Here, it is undisputed that Mold Pro failed to file timely an appeal of the circuit court’s May 5, 2009, order.
¶ 9. Mold Pro argues that the circuit court should have granted an out-of-time appeal because Mold Pro did not receive notice of the May 5, 2009, order. Rule 4(h) of the Mississippi Rules of Appellate Procedure provides:
The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion *1262 filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
¶ 10. Mold Pro correctly asserts that Rule 4(h) allows the circuit court to reopen the time for appeal in instances when, as here, a party who is entitled to notice of a judgment did not receive that notice within twenty-one days of the entry of the judgment. But what Mold Pro fails to recognize is that the motion to reopen the time for appeal must be filed within seven days of the party’s receipt of notice of entry of the judgment.
¶ 11. Mold Pro admitted in its motion to reopen the time for appeal that: “Appellant’s counsel first learned of the Court’s decision on June 19, 2009, when he received a fax memo from appellee’s counsel indicating, among other things, that the time for appeal of the Court’s decision had run.” Under Rule 4(h), Mold Pro had seven days from June 19, 2009, to file its motion to reopen the time for appeal, yet Mold Pro’s motion was not filed until July 17, 2009 — almost a month later.
¶ 12. Mold Pro asserts that the fax it received from Alford was not truly notice of the judgment entered by the circuit court because the actual judgment was not attached to the letter. However, Rule 4(h) requires that a party file a motion to reopen the time for appeal within seven days of receipt of “notice of the entry of a judgment or order.” Alford’s letter clearly informed Mold Pro that a judgment had been entered by the circuit court on May 5, 2009. Mold Pro’s attorney was then able to view the judgment contained in the circuit court file. Mold Pro had notice of the entry of judgment but failed to file timely its motion to reopen the time for appeal.
¶ 18. As this Court has held: “The requirements of M.R.A.P. 4(h) are obligatory rather than permissive. Timely notice of appeal is jurisdictional; where the appellant has not given proper notice this Court lacks jurisdiction to address the appeal.” Curry v. B.C. Rogers Poultry, Inc., 797 So.2d 265, 267 (¶ 11) (Miss.Ct.App.2001) (citations omitted). Accordingly, the circuit court’s order denying Mold Pro’s motion to reopen the time for appeal is affirmed.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ, CONCUR. CARLTON, J., CONCURS IN RESULT ONLY.

. The transcript of that hearing is not a part of the record before this Court.